581 P.2d 1283

**MOUNTAIN STATES TELEPHONE & TELEGRAPH COMPANY, a/k/a Mountain Bell Telephone, Petitioner,**

v.

**David J. MONTOYA, Respondent.**

**No. 11967.**

Supreme Court of New Mexico.

July 19, 1978.

Rehearing Denied Aug. 7, 1978.

Johnson, Paulantis & Lanphere, Eric D. Lanphere, D. James Sorenson, Albuquerque, for petitioner.

Neal & Neal, William G. W. Shoobridge, Hobbs, for respondent.

OPINION

FEDERICI, Justice.

Respondent David Montoya (Montoya) was an employee of petitioner Mountain Bell (Mountain Bell). At the completion of his shift it was necessary for him to return to a warehouse which is owned and main-

tained by Mountain Bell to return certain equipment and complete paper work on services which he performed during the day. On December 4, 1973, Montoya returned the equipment, completed the paper work and was leaving the building. Before he had left the premises he became involved in an altercation with Mr. Griego (Griego), a security guard employed by Don Simpson & Associates (Associates). The Associates were under contract to provide security at the Mountain Bell warehouse. Montoya alleged that during the altercation he was struck on the head with a night stick by Griego, the security guard, and sustained permanent injuries.

On December 4, 1974, Montoya brought an action against Mountain Bell to recover workmen's compensation benefits as a result of the alleged injuries sustained on December 4, 1973. The trial court found in favor of Montoya and awarded workmen's compensation benefits to him. Mountain Bell appealed the decision and on July 13, 1976, the Court of Appeals reversed the judgment of the trial court.

On December 7, 1976, Montoya amended the complaint filed by him in an earlier (April 30, 1976) suit in which he had alleged assault and battery against Griego and vicarious liability in the Associates. This first amended complaint stated that Mountain Bell was liable for the injuries which he sustained on December 4, 1973 on the ground that it (Mountain Bell) had been negligent in retaining the security guard despite his known dangerous propensities or that Mountain Bell was vicariously liable under the doctrine of respondeat superior for the intentional tort of the security guard. This action against Mountain Bell was separate from the December 4, 1974 claim for workmen's compensation benefits. On May 10, 1977, the trial court granted summary judgment, dismissing plaintiff's complaint against Mountain Bell with prejudice. Montoya appealed the summary judgment to the Court of Appeals which reversed the trial court and held that Mon-

toya had a claim against Mountain Bell for negligence. Mountain Bell filed a petition for writ of certiorari which was granted by this Court.

The real issue involved in this case is whether a workman can file an independent common law tort claim against an employer under the facts as they appear in this case, or whether he is restricted to an action under the Workmen's Compensation laws of the State of New Mexico.

Section 59–10–13.3, N.M.S.A. 1953 (Repl. 1974), states what shall be a compensable claim under the Workmen's Compensation Act.

> *59–10–13.3. Compensable claims— Proof.*—A. Claims for workmen's compensation shall be allowed only:
>
> (1) when the workman has sustained an accidental injury arising out of, and in the course of his employment;
>
> (2) when the accident was reasonably incident to his employment; and
>
> (3) when the disability is a natural and direct result of the accident.
>
> B. In all cases where the defendants deny that an alleged disability is a natural and direct result of the accident, the workman must establish that causal connection as a medical probability by expert medical testimony. No award of compensation shall be based on speculation or on expert testimony that as a medical possibility the causal connection exists.

Section 59–10–12.12, N.M.S.A. 1953 (Supp. 1975) further defines the range of claims compensable as accidental injuries "arising out of, and in the course of * * employment." It reads:

> *59–10–12.12. Injury by accident— Course of employment.*—As used in the Workmen's Compensation Act [59–10–1 to 59–10–37], unless the context otherwise requires, "injury by accident arising out of and in the course of employment" shall include accidental injuries to workmen, and death resulting from accidental injury, as a result of their employment

and *while at work* in any place where their employer's business requires their presence, *but shall not include injuries to any workman occurring while on his way to assume the duties of his employment or after leaving such duties, the proximate cause of which is not the employer's negligence.* (Emphasis added.)

The amended version of § 59–10–12.12 quoted by us here was enacted in 1975. However, it contains identical applicable language of the earlier version of the statute which was in effect at the time of the occurrence.

 Under the latter portion of the statute, notwithstanding an employee has left his duties (which he had in this case), the law provided yet another compensable claim under the Workmen's Compensation Act *if the injury was proximately caused by the employer's negligence.* Stated another way, under the provisions of the Workmen's Compensation Act quoted above, an employee ordinarily has *no* compensable claim if injured *while on his way to assuming the duties* of his employment *or after leaving such duties.* On the other hand, an employee *does have* a compensable claim if injured while on his way to assuming his duties or leaving his duties *if the employer's negligence was the proximate cause of that injury. Cuellar v. American Employers' Ins. Co. of Boston, Mass.,* 36 N.M. 141, 9 P.2d 685 (1932).

With reference to exclusions of rights of action under the Workmen's Compensation laws of New Mexico, § 59–10–4(D), N.M.S.A. 1953 (Supp. 1975), provides:

(D) Such compliance with the provisions of the Workmen's Compensation Act, including the provisions for insurance, shall be, and construed to be, a surrender by the employer and the employee of their rights to any other method, form or amount of compensation or determination thereof, or to any cause of action at law, suit in equity or statutory or common-law right to remedy or proceeding whatever for or on account of

such personal injuries or death of such employee than as provided in the Workmen's Compensation Act, and shall be an acceptance of all the provisions of the Workmen's Compensation Act * * *.

This amended version of § 59–10–4(D) is substantially identical to that in effect at the time of respondent's injury.

Section 59–10–5, N.M.S.A. 1953 (Repl. 1974), states, in part:

Any employer who has complied with the provisions of the Workmen's Compensation Act [59–10–1 to 59–10–37] relating to insurance, or any of the employees of the employer, including management and supervisory employees, shall not be subject to any other liability whatsoever for the death of or personal injury to any employee, except as provided in the Workmen's Compensation Act, and all causes of action, actions at law, suits in equity, and proceedings whatever, and all statutory and common-law rights and remedies for and on account of such death of, or personal injury to any such employee and accruing to any and all persons whomsoever, are hereby abolished except as provided in the Workmen's Compensation Act.

Section 59–10–6, N.M.S.A. 1953 (Repl. 1974), provides that the right to compensation for injuries or death resulting from injuries under the Workmen's Compensation Act shall be exclusive.

*59–10–6. Right to compensation—Exclusive.*—The right to the compensation provided for in this act [59–10–1 to 59–10–37], in lieu of any other liability whatsoever, to any and all persons whomsoever, for any personal injury accidentally sustained or death resulting therefrom, shall obtain in all cases where the following conditions occur:

A. at the time of the accident, the employer has complied with the provisions thereof regarding insurance;

B. at the time of the accident the employee is performing service arising

out of and in the course of his employment; and

C. the injury or death is proximately caused by accident arising out of and in the course of his employment and is not intentionally self-inflicted.

Under the amended complaint filed by Montoya he seeks to recover on allegations of negligence on the part of Mountain Bell in permitting the employment of Griego, the security guard, knowing that he was not fit to serve in that capacity. The amended complaint is based upon common law negligence and it seeks to avoid the exclusive remedies provided under the Workmen's Compensation Act.

The Court of Appeals in its Memorandum Opinion of July 13, 1976, held that the assault by Griego upon Montoya was work-related and arose out of the employment. *It also held that Montoya had completed his work and that he was on his way out of the building when the assault occurred and that the assault was not committed in the course of Montoya's employment.* This fact situation is exactly what was contemplated under § 59–10–12.12, *supra.* Montoya had left his duties. He alleged that his employer was negligent. He was provided with a compensable claim under the Workmen's Compensation Act, § 59–10–12.12, by reason of the alleged negligence of his employer. Since the Workmen's Compensation law has provided the remedy, that law is exclusive and Montoya has no right to bring an action in common law negligence against his employer, Mountain Bell.

The applicable principle of law is aptly set forth in 2A *Larson's Workmen's Compensation Law* § 65.10 at 12–1 to 12–4 (1976), as follows:

> Once a workmen's compensation act has become applicable either through compulsion or election, it affords the exclusive remedy for the injury by the employee or his dependents against the employer and insurance carrier. This is part of the *quid pro quo* in which the sacrifices and gains of employees and employers are to some extent put in balance, for, while the employer assumes a new liability without fault, he is relieved of the prospect of large damage verdicts.

If this is the justification for the exclusive remedy rule, it ought logically to follow that the employer should be spared damage liability only when compensation liability has actually been provided in its place, or, to state the matter from the employee's point of view, the rights of action for damages should not be deemed taken away except when something of value has been put in their place.

Here the employer, Mountain Bell, has been spared damage liability and workmen's compensation liability has been provided to the workman in its place.

New Mexico and other courts have several times interpreted the language of the New Mexico Workmen's Compensation law in accord with the statement in *Larson's, supra.* *See generally*: *Roseberry v. Phillips Petroleum Company,* 70 N.M. 19, 369 P.2d 403 (1962); *Royal Indemn. Co. v. Southern Cal. Petroleum Corp.,* 67 N.M. 137, 353 P.2d 358 (1960); *Beal v. Southern Union Gas Company,* 62 N.M. 38, 304 P.2d 566 (1956); *Gulf Oil Corp. v. Rota-Cone Field Operating Co.,* 84 N.M. 483, 505 P.2d 78 (Ct.App.1972). *See also*: *McBride v. Tennessee Valley Authority,* D.C., 395 F.Supp. 1181 (1974); *Hill Lines, Inc. v. Pittsburg Plate Glass Company,* 222 F.2d 854 (10th Cir. 1955); Annot., 93 A.L.R.2d 598 (1964).

We hold that under the facts of this case a workman is limited to an action under the Workmen's Compensation laws.

The judgment of the Court of Appeals is reversed and the judgment of the district court is affirmed.

IT IS SO ORDERED.

McMANUS, C. J., and SOSA and EASLEY, JJ., concur.

PAYNE, J., dissenting.