593 P.2d 59

**GALLES CHEVROLET COMPANY, Petitioner,**

**v.**

**Charles CHANEY, Respondent.**

**No. 12343.**

Supreme Court of New Mexico.

April 9, 1979.

Rodey, Dickason, Sloan, Akin & Robb, Robert G. McCorkle, Steven P. Bailey, Albuquerque, for petitioner.

Kanter & Carmody, John J. Carmody, Jr., Albuquerque, for respondent.

## OPINION

FEDERICI, Justice.

Charles Chaney, plaintiff-respondent (plaintiff), brought this action against his employer, Galles Chevrolet Company, defendant-petitioner (defendant), seeking damages. Plaintiff was employed by defendant as a mechanic and vehicle repairman. While on defendant's premises, plaintiff fell and injured his back. Plaintiff sought recovery based on defendant's negligence and under the Workmen's Compensation Act.

The parties settled the workmen's compensation claim and agreed to a dismissal of that cause of action. Thereafter, the trial court granted defendant's motion for summary judgment dismissing the negligence claim. Plaintiff appealed and the Court of Appeals reversed, Judge Hernandez dissenting. The court determined that plaintiff was not on his way to assume the duties of his employment at the time of the accident. The Court of Appeals concluded that plaintiff had no claim under the Workmen's Compensation Act and it held that the provisions of the Act would not bar a negligence action. This Court granted defendant's petition for writ of certiorari. We reverse.

Section 59–10–12.12, N.M.S.A. 1953, read as follows at the time of the accident in 1974:

As used in the Workmen's Compensation Act . . . unless the context otherwise requires, the words "injuries sustained in extra-hazardous occupations or pursuit" shall include death resulting from injury, and injuries to workmen, as a result of their employment and while at work in or about the premises occupied, used or controlled by the employer, and injuries occurring elsewhere while at work in any place where their employer's business requires their presence and subjects them to extra-hazardous duties incident to the business, *but shall not include injuries to any workman occurring while on his way to assume the duties of his employment or after leaving such duties, the approximate cause of which injury is not the employer's negligence.* (Emphasis added.)

This statute was amended in 1975 and is now found at § 52–1–19, N.M.S.A. 1978. However, the language emphasized above is identical to that in the amended version. We discussed this portion of the statute in *Mountain States Tel. & Tel. Co. v. Montoya,* 91 N.M. 788, 790, 581 P.2d 1283, 1285 (1978):

[N]otwithstanding an employee has left his duties . . . the law provided yet another compensable claim under the Workmen's Compensation Act *if the injury was proximately caused by the employer's negligence.* Stated another way, under the provisions of the Workmen's Compensation Act quoted above, an employee ordinarily has *no* compensable

claim if injured *while on his way to assuming the duties* of his employment *or after leaving such duties.* On the other hand, an employee *does have* a compensable claim if injured while on his way to assuming his duties or leaving his duties *if the employer's negligence was the proximate cause of that injury.* *Cuellar v. American Employers' Ins. Co. of Boston, Mass.,* 36 N.M. 141, 9 P.2d 685 (1932).

If plaintiff was on his way to assume the duties of his employment and since plaintiff claims defendant was negligent, § 52–1–19 and the cases construing that section would cause the Workmen's Compensation Act to apply. In this case the record clearly shows and plaintiff expressly stated in his brief-in-chief in the Court of Appeals, and the trial court specifically found that plaintiff was on his way to assume the duties of his employment when he was injured. This finding was not challenged on appeal and there is substantial evidence to support it. The only remaining issue is whether the Workmen's Compensation Act provides plaintiff's exclusive remedy.

Section 52–1–6(D), N.M.S.A. 1978 provides in part that:

> Such compliance with the provisions of the Workmen's Compensation Act, including the provisions for insurance, shall be, and construed to be, a surrender by the employer and the employee of their rights to any other method, form or amount of compensation or determination thereof, or to any cause of action at law, suit in equity or statutory or common-law right to remedy or proceeding whatever for or on account of such personal injuries . . . .

Section 52–1–8(C), N.M.S.A. 1978, provides in part that:

> *Any employer who has complied with the provisions of the Workmen's Compensation Act* [52–1–1 to 52–1–69, NMSA 1978] relating to insurance, or any of the employees of the employer, including management and supervisory employees, *shall not be subject to any other liability whatsoever* for the death of or personal injury to any employee, except as provided in the Workmen's Compensation Act, and all causes of action, actions at law, suits in equity and proceedings whatever, *and all* statutory and *common-law rights and remedies for and on account of such death of, or personal injury to, any such employee* and accruing to any and all persons whomsoever, *are hereby abolished* except as provided in the Workmen's Compensation Act. (Emphasis added.)

If the Workmen's Compensation Act applies, the employee's negligence action, if any, is precluded. Our decision in this case is controlled by the rule set out in *Mountain States.* In that case the injured employee was provided with a compensable claim under § 52–1–19 of the Workmen's Compensation Act. In *Mountain States* we said:

> Since the Workmen's Compensation law has provided the remedy, that law is exclusive and Montoya has no right to bring an action in common law negligence against his employer . . . .

*Id.* at 791, 581 P.2d at 1286. The result is the same in this case.

The decision of the Court of Appeals is reversed, and the trial court's order granting summary judgment for defendant is affirmed.

IT IS SO ORDERED.

SOSA, C. J., McMANUS, Senior Justice, and EASLEY and PAYNE, JJ., concur.