641 P.2d 1066

**FEDERAL LAND BANK OF WICHITA,
a corporation, Plaintiff-Appellee,**

v.

**E. B. BURGETT, et al.,
Defendants-Appellants.**

No. 13331.

Supreme Court of New Mexico.

March 3, 1982.

Richard C. Bosson, Santa Fe, for defendants-appellants.

Fettinger & Bloom, Darrell N. Brantley, Alamogordo, for plaintiff-appellee.

OPINION

EASLEY, Chief Justice.

Federal Land Bank of Wichita (Bank) foreclosed against Burgett, after which the Bank purchased the property for the amount of the judgment. Burgett then petitioned the trial court for redemption and to set aside the foreclosure sale, citing fundamental error in the sale. The trial court granted Burgett's petition. A dispute arose between the Bank and Burgett on the question of the amount owed for redemption. The trial court concluded that $248,-671.90 was the amount owed, inclusive of taxes and alike. Burgett appeals, and we reverse in part and affirm in part.

The two issues are:

1. Whether the trial court abused its discretion by not properly crediting the insurance proceeds from a fire loss to the amount owed for redemption.

2. Whether the trial court is without power to permit interest for redemption purposes for any period prior to the date of the foreclosure sale.

The trial court found:

520

Both the Bank and Burgett agreed that the Bank was entitled to $222,769.17 as of August 5, 1976 for redemption. The Bank was entitled to interest to accrue in the amount of ten percent from August 5, 1976, the date of judgment, to the September 13, 1976, the date of the foreclosure sale. The Bank was further entitled to interest at the rate of ten percent from September 13, 1976, pursuant to the redemption provision in Section 39–5–18, N.M.S.A. 1978. Thus on June 24, 1977, the amount owed to the Bank was $222,769.17, the redemption price as of August 5, 1976, plus $19,712.69 in interest.

On June 24, 1977, the Bank received $47,-376.55 in insurance proceeds as a result of wind and fire damage to the premises on the property. This reduced the amount owed to the Bank to $195,105.31.

The Bank, pursuant to Section 39–5–18, was entitled to ten percent interest on $195,105.31 from June 24, 1977 to May 17, 1978. The total interest owed was $14,-272.18.

On May 17, 1978, the Bank received $10,-000, the last insurance proceeds payment, thus reducing the Bank's redemption entitlement $195,105.31 plus unpaid accrued interest in the amount of $4,272.18.

The Bank was entitled to receive ten percent interest, pursuant to Section 39–5–18, to the date of redemption. The amount owed including interest was $242,542.68. Since the Bank paid property taxes from August 5, 1976 to May 19, 1980, the Bank was entitled to be reimbursed in the sum of $6,129.22. Therefore, Burgett's total redemption price was $248,671.90.

■ Burgett contends for his first issue on appeal that the trial court improperly credited the insurance proceeds. Burgett maintains that the Bank had the use of the insurance proceeds, and thus the Bank was unjustly enriched. Burgett suggests that the proper method is: First, calculate the rate of interest at ten percent on the insurance proceeds from the date they were received by the Bank. Then, subtract this amount and the amount of the insurance proceeds from the total owed for redemption.

Section 39–5–18(D) reads in part:

At the hearing, the judge shall determine the amount of money necessary for the redemption, which shall include the money paid at the sale and all taxes, interest, penalties and payments made in satisfaction of liens, mortgages and encumbrances. At the conclusion of the hearing, the district court may order the clerk of the court to issue the certificate of redemption *upon such terms and conditions as [the judge] deems just.* [Emphasis added.]

The statute does not set out an exact method on how a trial court judge ought to apply the insurance proceeds. The statute does list a series of factors which he must consider, and in this case, the evidence in the record clearly shows that the judge did. The statute vests the trial court with authority to grant redemption "upon such terms and conditions as [he] deems just." When the words of the statute are clear and unambiguous, we are bound by their plain meaning. *Aetna Finance Co. v. Gutierrez,* 96 N.M. 538, 632 P.2d 1176 (1981); *State v. Ellenberger,* 96 N.M. 287, 629 P.2d 1216 (1981).

The plain meaning of this statutory provision vests the trial court with discretion as to the method in which he chooses to apply the insurance proceeds. We will find an abuse of discretion when the trial court's "ruling is clearly against logic and effect of the facts and circumstances...." *State v. Brionez,* 91 N.M. 290, 293, 573 P.2d 224, 227 (Ct.App.), *cert. denied,* 91 N.M. 249, 572 P.2d 1257 (1977).

We cannot say that the method the trial court used in applying the insurance proceeds is an abuse of discretion. We therefore affirm the trial court's decision in this respect.

■ As his second point on appeal, Burgett challenges the trial court's award of interest from August 5, 1976, the date of the foreclosure judgment, to September 13, 1976, the date of the foreclosure sale. Burgett states that the trial court is without power to grant interest during this period.

Section 39–5–18 reads in part:

A. After sale of any real estate pursuant to any such judgment or decree of any court, the real estate may be redeemed by the former defendant owner * * * (1) by paying to the purchaser * * the amount paid, *with interest from the date of the purchase* at the rate of ten percent a year, together with all taxes, interest and penalties thereon. * * * [Emphasis added.]

In *Const. Eng. & Mfg. Co. v. Don Adams Mining*, 91 N.M. 238, 572 P.2d 1246 (1978), we held that this part of the statute is straightforward. It is clear from the statute that the trial court cannot award interest from the date of the foreclosure judgment to the date of the foreclosure sale. We therefore reverse the trial court on this matter and remand the case to be decided consistent with this opinion.

IT IS SO ORDERED.

FEDERICI and RIORDAN, JJ., concur.

SOSA, Senior Justice, and PAYNE, J., dissenting in part and concurring in part.

PAYNE, J., dissents as to the first issue and concurs in the second issue.