658 P.2d 1116

**KENT NOWLIN CONSTRUCTION COMPANY, Petitioner,**

v.

**Estela E. GUTIERREZ and Maria Sota Vda De Talamantes, as co-personal representatives of the Estate of Bernardo Talamantes, a/k/a Hector M. Baylon, Deceased, Respondents.**

**No. 13914.**

Supreme Court of New Mexico.

Sept. 30, 1982.

Order Jan. 14, 1983.

Rehearing Denied Jan. 14, 1983.

Zachary L. McCormick, Modrall, Sperling, Roehl, Harris & Sisk, Albuquerque, for petitioner.

Timothy M. Sheehan, William H. Carpenter, Albuquerque, for respondents.

OPINION

EASLEY, Chief Justice.

Estela Gutierrez and Maria Sota Vda De Talamantes, as co-personal representatives of the Estate of Bernardo Talamantes (Talamantes), brought a wrongful death action against Kent Nowlin Construction Company. The matter was heard before a jury, which returned a verdict in favor of the Talamantes' Estate for $175,000. The Court of Appeals affirmed the trial court, and we reverse the Court of Appeals.

The dispositive issue raised on certiorari is: Whether the New Mexico Workmen's Compensation Act, §§ 52–1–1 through 52–1–69, N.M.S.A. 1978 (Orig.Pamp. & Cum. Supp.1981), is an exclusive remedy, thereby precluding a wrongful death action brought by relatives or dependents not residents of the United States at the time of the deceased's injury.

Talamantes died in the course of and in the scope of his employment with Nowlin. Nowlin's workmen's compensation carrier paid all medical bills and funeral expenses but would not pay benefits to his dependents or relatives because they were residents of the Republic of Mexico at the time of Talamantes' death.

Nowlin argues that the Workmen's Compensation Act is an exclusive remedy and therefore recovery is limited to the Act. §§ 52–1–8 and 52–1–9, N.M.S.A.1978. Since the Act specifically denies recovery for the worker's dependents or relatives residing outside of the United States at the time of injury, § 52–1–52, N.M.S.A.1978, the personal representatives of the estate are entitled to nothing. The wrongful death action was therefore improper, and the motion for summary judgment in the

guise of a motion for failure to state a claim should have been granted.

Gutierrez, on the other hand, relies on our opinion *Pedrazza v. Sid Fleming Con., Inc.,* 94 N.M. 59, 607 P.2d 597 (1980). The decedent in *Pedrazza* was a Mexican national employed in New Mexico, and he was killed in the course of his employment. His surviving dependents were all non-resident aliens and challenged Section 52–1–52 as unconstitutional. That provision reads:

> Compensation shall be exempt from claim of creditors and from any attachment, garnishment or execution, and shall be paid only to such workman or his personal representative, or such other persons as the court may, under the terms hereof, appoint to receive or collect the same. *No claim or judgment for compensation, under this act, shall accrue to or be recovered by relatives or dependents not residents of the United States at the time of the injury of such workman.* [Emphasis added.]

We upheld the constitutionality of this provision and the bar to benefits under the Act. We went on to say:

> This opinion does not deny plaintiffs other avenues of recovery. The worker and his dependents are independent of and take separately from one another under the Act. Therefore, the bar against using other legal remedies to recover for the injury or death of a worker cannot be raised against those dependents not covered by the Act.

*Pedrazza v. Sid Fleming Contractor, Inc., supra* at 63, 607 P.2d at 601. The Court of Appeals relied on our language and affirmed the decision of the trial court.

We begin by analyzing the intent and purpose behind the Act. Before the advent of workmen's compensation acts, employees had little hope in recovering monetary judgments under common law torts. W. Prosser, Law of Torts § 80 (4th ed. 1971). Approximately seventy to ninety-four percent of all labor casualties received no compensation under the common law. 1 E. Blair, Reference Guide to Workmen's Compensation Law 1–1 (1968). To ameliorate

this hardship, our Legislature passed the Workmen's Compensation Act. *Gonzales v. Chino Copper Co.,* 29 N.M. 228, 222 P. 903 (1924). The exclusive remedy provisions are a balance between the worker's need for expeditious payment and the employer's need to limit liability. *See Roseberry v. Phillips Petroleum Company,* 70 N.M. 19, 369 P.2d 403 (1962); Prosser, *supra.*

With this background, we are asked to interpret whether Section 52–1–52, which denies recovery under the Act to worker's relatives or dependents living outside the United States, falls within the exclusive remedy provisions of the Act. The pertinent parts of the exclusive remedy provisions state:

> Any employer who has complied with the provisions of the Workmen's Compensation Act * * * shall not be subject to any other liability whatsoever for the death of or personal injury to any employee, *except as provided in the Workmen's Compensation Act, and all causes of action, actions at law, suits in equity and proceedings whatever, and all statutory and common-law rights and remedies for and on account of such death of, or personal injury to, any such employee and accruing to any and all persons whomsoever, are hereby abolished except as provided in the Workmen's Compensation Act.* [Emphasis added.]

§ 51–1–8(C), N.M.S.A.1978.

> The *right to the compensation provided for in this act [is] in lieu of any other liability whatsoever* to any and all persons whomsoever, for * * * death resulting therefrom. * * * [Emphasis added.]

§ 52–1–9, N.M.S.A.1978.

■ "When the words of the statute are clear and unambiguous, we are bound by their plain meaning." *Federal Land Bank of Wichita v. Burgett,* 97 N.M. 519, 641 P.2d 1066 (1982). The plain meaning of these provisions is that the Act is an exclusive remedy, unless otherwise provided for in the Act. The Act does not make an exception, and we will not create one. Our language in *Pedrazza* was dicta. Dictum is unnecessary to the holding of a case and

therefore is not binding as a rule of law. *Rocky Mountain Life Insurance Company v. Reidy,* 69 N.M. 36, 363 P.2d 1031 (1961). We hold that resident dependents residing outside the United States at the time of the worker's injury are barred from pursuing their common law remedies due to the exclusive remedy provisions under the Act. To hold otherwise would subject employers to unlimited liability and defeat the underlying principles of the Act.

Since we have held that the motion for summary judgment should have been granted, we do not reach the other issues raised on certiorari.

IT IS SO ORDERED.

FEDERICI and RIORDAN, JJ., concur.

SOSA, Senior Justice, dissents.

PAYNE, J., respectfully dissents without opinion.

SOSA, Senior Justice, dissenting.

I cannot concur with the majority opinion. The fundamental flaw with the majority's position is that they have applied the Workmen's Compensation Act to a party who has been expressly excluded by the Legislature from its operation.

This case was submitted to a jury on the issue of wrongful death. The jury was instructed that an illegal alien in the United States is entitled to sue in our courts, under our laws, the same as a citizen.[1] The jury returned a verdict for the plaintiffs-respondents in the amount of $175,000.00. In order to have returned this verdict, the jury necessarily concluded that Kent Nowlin Construction Company[2] negligently took the life of Mr. Talamantes.[3]

Yet, in an attempt to insulate themselves from liability, the employer herein argues that since the deceased was a worker, any

cause of action for his death must be filed under the Workmen's Compensation Act, and his dependents, as nonresident aliens, are not entitled to damages. The majority was persuaded by this specious contention; I am not.

The dispositive issue on appeal is not as phrased by the majority, but rather is whether a nonresident alien dependent is covered by the Workmen's Compensation Act so that the exclusivity provision of the Act, § 52–1–9, N.M.S.A.1978, would preclude his estate from bringing a wrongful death action. The answer is clearly in the negative.

The majority, however, disagrees. In deciding that nonresident aliens have no remedy whatsoever when a member of their family is killed through the negligence of a United States citizen employer, the majority dismisses our rationale in *Pedrazza v. Sid Fleming Con., Inc.,* 94 N.M. 59, 607 P.2d 597 (1980), as mere dicta.[4] In particular, the majority classifies the following language as unnecessary to the holding in *Pedrazza.*

This opinion does not deny plaintiffs other avenues of recovery. The worker and his dependents are independent of and take separately from one another under the Act. Therefore, the bar against using other legal remedies to recover for the injury or death of a worker cannot be raised against those dependents not covered by the Act.

*Id.* at 63, 607 P.2d at 601.

I disagree that this language is dicta. Had this Court concluded in *Pedrazza* that the dependents' claims to compensation were derivative of the worker, a different conclusion may have been reached. In addition, had this Court concluded that the Workmen's Compensation Act was the exclusive remedy and that a nonresident alien has no cause of action in the United States

---

1. This jury instruction was not challenged and, as such, is binding on the parties. N.M.R. Civ.P. 51(J), N.M.S.A.1978 (Cum.Supp.1981).

2. Kent Nowlin, as a corporation, is subject to liability under the Wrongful Death Act. *See* § 41–2–1, N.M.S.A.1978.

3. This case was tried under the doctrine of contributory negligence.

4. Justice Payne authored the opinion in *Pedrazza,* in which Justices Easley and Felter concurred and Justice Federici dissented. I did not participate.

for the death of a family member during the course of his employment, then a different conclusion may have been reached. However, the above-quoted paragraph was essential to this Court's holding that the denial of recovery *under the Act* did not violate the equal protection clause of our constitutions.

In addition, the above-quoted statement is legally correct under prevailing statutory construction principles. Statutory construction principles must be applied by a court with the ultimate purpose of ascertaining and giving effect to the manifest intent of the Legislature in enacting the statute under scrutiny. *See* § 12–2–2, N.M.S.A.1978. We must give a statute its literal reading if the words used are plain and unambiguous, provided such a construction would not lead to an injustice, absurdity or contradiction. *State v. Nance,* 77 N.M. 39, 419 P.2d 242 (1966), *cert. denied,* 386 U.S. 1039, 87 S.Ct. 1495, 18 L.Ed.2d 605 (1967).

The exclusivity provision of the Workmen's Compensation Act provides:

> *The right to the compensation provided for in this act* [52–1–1 to 52–1–69 NMSA 1978], [is] *in lieu of* any other liability whatsoever, to any and all persons whomsoever, for any personal injury . . . or death . . . . [Emphasis added.]

§ 52–1–9.

As this Court held in *Mountain States Tel. & Tel. Co. v. Montoya,* 91 N.M. 788, 581 P.2d 1283 (1978), the above-quoted provision means that:

> Once a workmen's compensation act *has become applicable* either through compulsion or election, it affords the exclusive remedy for the injury by the employee or his dependents against the employer and insurance carrier. This is part of the *quid pro quo* in which the sacrifices and gains of employees and employers are to some extent put in balance, for, while the employer assumes a new *liability without fault,* he is relieved of the prospect of large damage verdicts. [Emphasis added.]

*Id.* at 791, 581 P.2d at 1286 (quoting 2A A. Larson, Workmen's Compensation Law § 65.10 (1976)). We are bound by this particular ruling in *Mountain States, supra. Galles Chevrolet Co. v. Chaney,* 92 N.M. 618, 593 P.2d 59 (1979).

Thus, the preliminary issue we must address is whether the respondents in this case have a right to compensation under the Workmen's Compensation Act. The answer is clearly no. Section 52–1–52 provides in pertinent part:

> No claim or judgment for compensation, *under this act* [52–1–1 to 52–1–69 NMSA 1978], shall accrue to or be recovered by relatives or dependents not residents of the United States at the time of the injury of such workman. [Emphasis added.]

It is undisputed that the respondents in this case are nonresident alien dependents. The clear and unambiguous meaning of the above-quoted provision is that a nonresident alien dependent has no right to compensation under the Workmen's Compensation Act. The exclusivity provision of the Act provides that *only those who are entitled to compensation under the Act take in lieu of any other liability.* Since the respondents in this case are not entitled to compensation under the Act, they do not take in lieu of any other liability provisions (*e.g.,* a wrongful death action). Nowhere in the Act has the Legislature specifically denied nonresident aliens other statutory or common law remedies when a citizen employer negligently takes the life of their family member.

Section 52–1–8, N.M.S.A.1978, does not assist the majority in reaching their conclusion. In *Pedrazza, supra,* we held that a dependent's recovery under the Act was separate and distinct from the recovery afforded an employee. Therefore, the status of the dependents would determine whether they could recover under the Act. The respondents here are nonresident aliens, and, as such, they may not recover under the Act. § 52–1–52.

Section 52–1–8 provides that all statutory and common law rights are abolished when an employer is in compliance with the Act,

*unless otherwise provided.* Since Section 52–1–52 denies nonresident alien dependents the right to compensation under the Act, they are excluded from the operation of Sections 52–1–8 and 52–1–9 as well.

A nonresident alien dependent simply does not enjoy the benefits of the Act. As we acknowledged in *Mountain States, supra,* under this Act, an employee is given the benefit of a *no fault* action in return for the limited liability given the employer. As the majority acknowledges, the Workmen's Compensation Act was enacted as a humanitarian statute to ameliorate the hardship faced by employees when seventy to ninety-four percent of all labor casualties were not compensated. *See Gonzales v. Chino Copper Co.,* 29 N.M. 228, 222 P. 903 (1924); 1 E. Blair, Reference Guide to Workmen's Compensation Law 1–1 (1968). Under the legislative scheme, if you are a resident dependent, then you need not prove fault to recover damages for the death of your family member caused during the course of his employment. However, if you are a nonresident, you must prove fault, even though the odds of doing so are weighted heavily against you.

In this case, the nonresident aliens did prove negligence, and they did so in the face of contributory negligence. Insulating an employer from having to pay damages to a nonresident family for negligently taking the life of their "breadwinner" on the basis of a strained statutory analysis is unjust, absurd and contrary to legislative intent. The Legislature did not indicate in the Act that its intention was to deny nonresident aliens *any other* statutory or common law remedies when an employee may be injured or die while on the job because of the negligence of an employer.

This Court held in *Pedrazza, supra,* that the plaintiffs in that case did not have a due process right to workmen's compensation benefits. This Court also held that the plaintiffs in *Pedrazza* were beyond the reach of the equal protection clause. However, under the supremacy clause of the United States Constitution, a federal treaty will control over a state statute that frustrates federal policy. U.S. Const. art. VI, § 2. The United States has treaties with thirteen countries (not including Mexico) under which nonresident alien workers and their dependents are guaranteed the same rights and privileges as American nationals. 2 A. Larson, Workmen's Compensation Law § 63.52 (1981). Although the United States does not have a treaty with Mexico specifically granting such rights to nonresidents, the United States has entered into treaties with Mexico which assume that Mexicans will be given such rights. For example, Article IX, Section 2 of a Convention between the United States of America and Mexico respecting the duties and rights of consular officers authorizes Mexican consuls to accept payments accruing to their countrymen under Workmen's Compensation Laws or like statutes. Convention on Consular Officers, proclaimed June 16, 1943, United States-Mexico, art. IX, § 2, 57 Stat. 800.

In any event, the position taken by the majority that, insofar as a nonresident alien is prevented from seeking damages for the death of a family member *under any theory,* they are *covered* by the Workmen's Compensation Act, is inconsistent and illogical. I agree that nonresident alien dependents cannot claim compensation under the Act; however, they can pursue other avenues for recovery. The only reason the Legislature provided that nonresident alien dependents could not recover *under the Act* is because, had they not so specified, the nonresident alien could have recovered under the Act without proving fault on the part of the employer.

The New Mexico Wrongful Death Act, Sections 41–2–1 to 41–2–4, N.M.S.A.1978 (Repl.Pamp.1982), was designed to provide a remedy where death is caused by the wrongful action of another and where the wrongdoer would have been liable to the injured party if death had not occurred. *See Whitmer v. El Paso & S.W. Co.,* 201 F. 193 (5th Cir.1912). The record clearly establishes, and the jury found, that Mr. Talamantes was killed through the negligence of Kent Nowlin Construction Co. Indeed,

Kent Nowlin Construction Co. has not even argued to this Court that there is not substantial evidence to warrant support of the jury's decision. Under such facts as these, a wrongful death action would be the appropriate legal remedy for the personal representatives of the decedent to pursue for the negligent death of their breadwinner. If Mr. Talamantes had lived, he would have had the right to sue for personal injuries. Because he died, that right belongs to his personal representatives. A Mexican national serving as a personal representative may maintain a claim for wrongful death. *Torres v. Sierra,* 89 N.M. 441, 553 P.2d 721 (Ct.App.), *cert. denied,* 90 N.M. 8, 558 P.2d 620 (1976). This was done here by Mr. Talamantes' dependents. Clearly, such nonresident alien personal representatives should be allowed to avail themselves of the laws of New Mexico to seek compensation for wrongful death.

The majority opinion serves notice to all the world that people who do not reside in the United States have no cause of action when an employer in the United States negligently takes the life of their family member. The majority apparently believes that the sign in the courtroom in which we hear oral arguments monthly should read: "Dedicated to the administration of equal justice under law, except for nonresident Mexican aliens."

I cannot join in this unjust construction of the Workmen's Compensation Act. I respectfully dissent.

### ORDER

WHEREAS, it appearing to the Court that an Order was entered by this Court on October 15, 1982, granting Motion for Rehearing in the above cause, and it now appearing to the Court that the Order granting the Motion for Rehearing, entered on October 15, 1982, should be vacated and set aside;

NOW, THEREFORE, IT IS ORDERED that the Order entered herein on October 15, 1982, granting the Motion for Rehearing, be and the same is hereby vacated and set aside.

IT IS FURTHER ORDERED that the Opinion of the Court of Appeals in Cause No. 4931, together with the dissent, be published in the New Mexico Reports.