This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41136**

**THOMAS RAY NEWSOME, JR.,**

 Plaintiff-Appellant,

v.

**CENTURION CORRECTIONAL HEALTHCARE OF NEW MEXICO, LLC,**

 Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Nancy J. Franchini, District Court Judge**

Thomas Ray Newsome, Jr.
Albuquerque, NM

Pro Se Appellant

Park & Associates, LLC
Alfred A. Park
Geoffrey D. White
Albuquerque, NM

for Appellee

Daniel Yohalem
Santa Fe, NM

for Amicus Curiae Reporters Committee for Freedom of the Press

**MEMORANDUM OPINION**

**BOGARDUS, Judge.**

**{1}** Plaintiff Thomas Ray Newsome, Jr., appearing pro se, appeals the district court's order denying his motion to reconsider its grant of summary judgment in favor of Defendant, Centurion Correctional Healthcare of New Mexico, LLC on Plaintiff's claim under the New Mexico Inspection of Public Records Act (IPRA), NMSA 1978, §§ 14-2-1 to -12 (1947, as amended through 2023). On appeal, Plaintiff argues that the district court improperly granted Defendant's motion. We affirm.

## BACKGROUND

**{2}** We provide a brief factual background. Plaintiff is a former state prisoner at a New Mexico Corrections Department (NMCD) facility. Defendant is a private company that entered into a contract with NMCD to provide contractually-specified healthcare services to the inmates incarcerated within NMCD.

**{3}** Plaintiff's initial IPRA request was sent by the New Mexico Attorney General's office to the Office of General Counsel for NMCD which sought, among other things, records of settlements and judgments that Defendant paid because of lawsuits and civil claims in New Mexico as well as records of the costs incurred to defend against such claims or lawsuits in New Mexico. In response to his IPRA request, Plaintiff received a letter from an IPRA paralegal at NMCD informing him that NMCD did not have custody or control of the requested records and that his request was being forwarded to the custodian of those records, Deana Johnson, General Counsel for Centurion, LLC and all of its wholly owned subsidiaries, including Defendant.

**{4}** Based on what we can discern from the record, Plaintiff served two IPRA requests on Defendant, one in 2016 and the other in 2018. Both requests sought records relating to Defendant's contract with NMCD, records of civil settlements and judgments arising from lawsuits involving Defendant in New Mexico, records reflecting costs incurred by Defendant in any such litigation, attorney fees paid to defend such lawsuits, and payments received pursuant to the contract between NMCD and Defendant. Plaintiff's 2016 request was returned to him with a note from a health services administrator for Defendant at the Southern New Mexico Correctional Facility stating, "I was advised that you are to send this to the IPRA address posted in your unit." Defendant did not otherwise respond to Plaintiff's 2016 request. Likewise, Defendant did not respond to Plaintiff's 2018 request. Plaintiff only received a letter about one month later from Lawrence M. Marcus, counsel for Defendant, claiming that Defendant is not subject to IPRA.

**{5}** Plaintiff then filed the underlying complaint claim which, in relevant part, alleged that Defendant violated IPRA because it "did not permit [P]laintiff to inspect and copy the requested public records" and also sought enforcement of IPRA via a writ of mandamus.

## DISCUSSION

## I.     Finality

**{6}**     We begin by addressing Defendant's contention that this Court lacks jurisdiction over this appeal because, as it asserts, the order from which Plaintiff appeals from is not a final order. According to Defendant, the district court's grant of its summary judgment motion was limited to Plaintiff's IPRA claim, and more specifically Plaintiff's failure to name an IPRA records custodian. Defendant asserts that the "district court explicitly did not address [Plaintiff's] claim of a federal common law right to inspect records [n]or his request for declaratory relief." We disagree.

**{7}**     Based on our review of the record, Defendant filed a motion to dismiss the complaint in its entirety on July 1, 2019. The district court granted Defendant's motion on May 11, 2020, stating, "this matter is dismissed." Plaintiff then moved for reconsideration of that dismissal, which the district court denied. Plaintiff then appealed to this Court. In that case, we issued a remand order directing the district court to enter findings related only to the IPRA request issues raised by Plaintiff. The district court did just that and ultimately denied Defendant's motion to dismiss Plaintiff's IPRA claim.

**{8}**     Accordingly, we conclude that the order from which Plaintiff appeals from is a final order because the only remaining issue for the district court to decide at that time was related to Plaintiff's IPRA claim. *See Zuni Indian Tribe v. McKinley Cnty. Bd. of Cnty. Comm'rs*, 2013-NMCA-041, ¶ 16, 300 P.3d 133 (stating an order or judgment is final when "all issues of law and fact have been determined and the case disposed of by the [district] court to the fullest extent possible" (internal quotation marks and citation omitted)).

## II.     Summary Judgment

**{9}**     Plaintiff argues that the district court erred in granting Defendant's motion for summary judgment because, he asserts, Defendant failed to raise any genuine issue of material fact regarding its responsibility under IPRA.

**{10}**     We review an order granting or denying summary judgment de novo. *Jones v. City of Albuquerque Police Dep't*, 2020-NMSC-013, ¶ 16, 470 P.3d 252. "Summary judgment is appropriate in the absence of any genuine issue of material fact and where the movant is entitled to judgment as a matter of law." *Id.* (internal quotation marks and citation omitted). "On appeal from the grant of summary judgment, we ordinarily review the whole record in the light most favorable to the party opposing summary judgment to determine if there is any evidence that places a genuine issue of material fact in dispute." *City of Albuquerque v. BPLW Architects & Eng'rs, Inc.*, 2009-NMCA-081, ¶ 7, 146 N.M. 717, 213 P.3d 1146. "However, if no material issues of fact are in dispute and an appeal presents only a question of law, we apply de novo review and are not required to view the appeal in the light most favorable to the party opposing summary judgment." *Id.*

**{11}**     As an initial matter, our resolution of this issue does not require us to discuss Defendant's liability under IPRA. Rather, our resolution of this case hinges on Plaintiff's admission, in his response to Defendant's motion for summary judgment, that

Defendant is not a records custodian for NMCD or any other New Mexico public body. The district court's order granting Defendant's motion for summary judgment references Plaintiff's admission that Defendant is not a records custodian and states, "As a result, pursuant to *Pacheco* [*v. Hudson*, 2018-NMSC-022, 415 P.3d 505] and other appellate decisions, the [c]ourt must grant Defendant's [m]otion for [s]ummary judgment . . . because Plaintiff has not named a records custodian for the relevant IPRA requests."

**{12}**  While New Mexico courts have certainly acknowledged that a private entity may be subject to an action to enforce IPRA, *see N.M. Found. for Open Gov't v. Corizon Health*, 2020-NMCA-014, ¶ 26, 460 P.3d 43 (holding that under IPRA, petitioner's had a "clear legal right of enforcement against" a private entity because "it acted on behalf of a public entity"), it is also well established that "[t]he designated records custodian is the only official who is assigned IPRA compliance duties." *Pacheco*, 2018-NMSC-022, ¶ 57 (internal quotation marks and citation omitted). In essence, a designated records custodian "is the only official who statutorily is subject to an action to enforce IPRA." *Id.*

**{13}**  In *Corizon Health*, as the district court recounted in its order, the public body, NMCD, explained to the requester that the private entity, Corizon Health, "is the custodian of the settlement agreements . . . during the time period when [Corizon Health] and NMCD were under contract," thereby instructing the requester to contact Corizon Health. 2020-NMCA-014, ¶ 3. In simpler terms, Corizon Health was designated by NMCD as the custodian of the requested records and the petitioners did not contend otherwise. *See id.*

**{14}**  Although NMCD appears to have suggested in a letter sent to Plaintiff that Defendant is the custodian of the records that Plaintiff requested, Plaintiff admitted otherwise in his response to Defendant's motion for summary judgment. "Although pro se pleadings are viewed with tolerance, a pro se litigant is held to the same standard of conduct and compliance with court rules, procedures, and orders as are members of the bar." *See Camino Real Env't Ctr., Inc. v. N.M. Dep't of Env't*, 2010-NMCA-057, ¶ 21, 148 N.M. 776, 242 P.3d 343 (alteration, internal quotation marks, and citation omitted). Because Plaintiff admitted Defendant's statement that it is not a records custodian for NMCD, we cannot say the district court's grant of summary judgment in favor of Defendant was in error. As discussed above, "[t]he designated records custodian is the only official who is assigned IPRA compliance duties." *Pacheco*, 2018-NMSC-022, ¶ 57.

**CONCLUSION**

**{15}**  For the foregoing reasons, we affirm.

**{16}   IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**I CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**SHAMMARA H. HENDERSON, Judge (dissenting)**

**HENDERSON, Judge (dissenting).**

**{17}** I respectfully dissent from the majority opinion. I cannot agree that the district court's order granting Defendant's motion for summary is a final order conveying jurisdiction on this Court to resolve this appeal. I explain my position after providing a brief procedural background of the case.

**{18}** This case arises from a dispute regarding Plaintiff's two requests for public documents from Defendant pursuant to IPRA. In response to the first request, NMCD allegedly informed Plaintiff of the custodian of Defendant's public records. Plaintiff did not receive a response from said custodian; however, an attorney representing Defendant wrote to the New Mexico Attorney General and denied that Defendant is subject to duties under IPRA. Similarly, in response to the second request, an attorney representing Defendant wrote to Plaintiff and denied that Defendant is subject to duties under IPRA.

**{19}** Plaintiff then filed his complaint, alleging that Defendant violated its duties under IPRA to produce the requested documents and that Defendant violated Plaintiff's common law rights to inspect public records. Additionally, Plaintiff sought a declaratory judgment stating whether Defendant is a "public body" as defined in IPRA and a writ of mandamus ordering Defendant to permit inspection of the requested public documents. In lieu of filing an answer, Defendant filed a motion to dismiss Plaintiff's complaint. The district court granted Defendant's motion without a hearing and dismissed Plaintiff's complaint. Plaintiff subsequently filed a motion for reconsideration, which was denied. Plaintiff then appealed the district court's dismissal of his complaint and denial of his motion for reconsideration. This Court remanded the matter to the district court and sought additional fact-finding regarding Defendant's status as a "public body" subject to IPRA and Defendant's potential duty to designate a records custodian.

**{20}** On remand, the district court entered an order denying Defendant's motion to dismiss. Defendant then filed an answer to Plaintiff's complaint, followed by a motion for summary judgment in which Defendant argued that it "is not a proper target for an IPRA request" and that the documents Plaintiff sought "are not 'public records.'" The district court granted Defendant's motion "to the extent" that Defendant "is not a records custodian for NMCD or any other New Mexico public body" and thus Plaintiff's IPRA claim fails because "Plaintiff has not named a records custodian for the relevant IPRA requests." The court further stated that its order granting Defendant's motion for summary judgment would become "final" unless Plaintiff amended his complaint to name a records custodian.

**{21}** Generally, this Court's "appellate jurisdiction is limited to review of any final judgment or decision, any interlocutory order or decision which practically disposes of

the merits of the action, or any final order after entry of judgment which affects substantial rights." *Handmaker v. Henney*, 1999-NMSC-043, ¶ 7, 128 N.M. 328, 992 P.2d 879 (internal quotation marks and citation omitted) (citing NMSA 1978, § 39-3-2 (1966). "[A]n order or judgment is not considered final unless all issues of law and fact have been determined and the case disposed of by the [district] court to the fullest extent possible." *Kelly Inn No. 102, Inc. v. Kapnison*, 1992-NMSC-005, ¶ 14, 113 N.M. 231, 824 P.2d 1033 (internal quotation marks and citation omitted). Thus, "[i]n an ordinary lawsuit, denial of a motion for summary judgment is not appealable." *Doe v. Leach*, 1999-NMCA-117, ¶ 12, 128 N.M. 28, 988 P.2d 1252. Additionally, "[a] district court's decision is generally not final for the purposes of appeal if it contains neither decretal language nor provisions directing the entry of judgment." *Burris-Awalt v. Knowles*, 2010-NMCA-083, ¶ 8, 148 N.M. 616, 241 P.3d 617 (internal quotation marks and citation omitted). "[D]ecretal language . . . carries the decision into effect by ordering that something happen or, when appropriate, by entering judgment for a sum certain in favor of one party and against the other party." *Khalsa v. Levinson*, 1998-NMCA-110, ¶ 13, 125 N.M. 680, 964 P.2d 844.

**{22}** Despite the majority's view that "the only remaining issue for the district court to decide at [the time it ruled on Defendant's motion for summary judgment] was related to Plaintiff's IPRA claim," other issues remain undecided. *Maj. op.* ¶ 8. Below, the district court granted Defendant's motion to dismiss. On appeal to this Court, we remanded the matter back to the district court for additional fact-finding. On remand, the district court denied Defendant's motion to dismiss "after reconsideration" of its earlier order. By denying Defendant's motion to dismiss, *none* of Plaintiff's claims were disposed of in the district court's order on remand. Thus, contrary to the majority's assertion, all of Plaintiff's claims needed to be addressed at the time the district court granted Defendant's motion for summary judgment. Even Defendant, whose motion is at issue, does not dispute this point.

**{23}** Notwithstanding the majority's view of the record, the district court's order in this case is explicitly not final. The language of the district court's order is clear—the court granted Defendant's motion for summary judgment "to the extent" explained in the order. In the order, the district court explained that Plaintiff was required to name the relevant designated records custodian as a defendant to maintain his IPRA action. In its conclusion, the court stated that it was only granting the motion "as to this discrete issue" and the order was only in regard "to the lack of a named records custodian." On its face, the district court's order does not dispose of all of the issues of law and fact in this case. Instead, the order was limited to a ruling on one discrete issue—whether Plaintiff named a proper defendant in his IPRA suit. His remaining common law claims and claims for a declaratory judgment and a writ of mandamus are unaffected by the district court's order.

**{24}** Additionally, the district court's order does not contain any decretal language indicating its finality. Though the lack of decretal language is not always determinative of an order's finality, here, the lack of language is dispositive. In the order, the district court did not order that any, let alone all, of Plaintiff's claims be dismissed. In fact, the

district court did not order that anything be done pursuant to the order. Instead, the order simply gave Plaintiff the opportunity to amend his complaint to name a proper defendant. Thus, the order is nonfinal and this Court lacks the jurisdiction to resolve the questions presented by the parties on appeal.

**{25}** Despite my belief that this Court lacks jurisdiction to resolve this appeal, I am compelled to express my further disagreement with the majority's resolution of Plaintiff's appeal. In affirming the district court's grant of summary judgment, the majority reasons that, by admitting that Defendant is not a public records custodian, Plaintiff failed to name a proper defendant for his IPRA suit. *See maj. op.* ¶ 14; *see also Pacheco*, 2018-NMSC-022, ¶ 57 ("The designated records custodian is the only official who is assigned IPRA compliance duties . . . and is the only official who statutorily is subject to an action to enforce IPRA." (internal quotation marks and citation omitted)). Rather than an undisputed fact, I view this to be the very heart of the parties' dispute, and *Corizon Health* cannot be read in Defendant's favor in this case.

**{26}** In *Corizon Health*, respondent Corizon Health contested a writ of mandamus requiring it to produce settlement agreements involving the medical care of prisoners while Corizon Health contracted with NMCD to provide health care services. 2020-NMCA-014, ¶¶ 1-3. This Court held that Corizon Health was properly mandated to produce the settlement agreements because "[it] has a clear legal duty to provide public records . . . . This is plain because [Corizon Health] acted on behalf of a public entity by providing medical care to inmates at various New Mexico correctional and detention facilities." *Id.* ¶ 26. Whether Corizon Health was a public records custodian or was properly named as a defendant in the IPRA suit was not at issue in the appeal. *Corizon Health* did not address whether a private entity acting on behalf of the state is a public body or is a public records custodian under IPRA. As such, the majority's assertion that *Corizon Health* was decided on the grounds that "Corizon Health was designated by NMCD as the custodian of the requested records and the petitioners did not contend otherwise" is misplaced. *Maj. op.* ¶ 13. *See Fernandez v. Farmers Ins. Co. of Ariz.*, 1993-NMSC-035, ¶ 15, 115 N.M. 622, 857 P.2d 22 ("[C]ases are not authority for propositions not considered." (internal quotation marks and citation omitted)). If anything, any statement made in *Corizon Health* regarding records custodians is dicta and should not be used by the majority as binding authority. *See Kent Nowlin Constr. Co. v. Gutierrez*, 1982-NMSC-123, ¶ 8, 99 N.M. 389, 658 P.2d 1116 (holding that dicta is language unnecessary to the decision of the issues before the court and is not binding as a rule of law).

**{27}** Turning to the record in this case, in Defendant's motion for summary judgment, it asserts that it "is not a public body" and that it "is not a records custodian for NMCD." In his response to the motion, Plaintiff admitted that Defendant is not a records custodian, but disputed Defendant's assertion that it is not a public body. On appeal and in his motion for reconsideration, Plaintiff reiterated that Defendant is not a records custodian because Defendant has failed to name an IPRA custodian. The basis of Plaintiff's underlying claim is a dispute about whether Defendant is a public body that must name a public records custodian and whether Defendant violated IPRA for failing

to name such a custodian. It would be absurd for this Court to preclude enforcement of rights under IPRA against a private entity that asserts it is not a public body, and thus does not need to designate a records custodian, because an IPRA plaintiff does not name a records custodian. *See* § 14-2-7 ("Each public body shall designate at least one custodian of public records . . . ."); *Libit v. Univ. of N.M. Lobo Club*, 2022-NMCA-043, ¶¶ 6-7 n.6, 516 P.3d 217 ("Further, we find it inconsistent that the [defendant] argues that it is a private entity exempt from IPRA while also asserting that [the p]laintiff must have sued the [defendant]'s records custodian—a position that IPRA only requires public bodies to designate." (citing § 14-2-7)). "Courts will not construe a statute in a manner that leads to an absurd result." *Provisional Gov't of Santa Teresa v. Doña Ana Cnty. Bd. of Cnty. Comm'rs*, 2018-NMCA-070, ¶ 27, 429 P.3d 981. Moreover, such a construction ignores the *actual* holding of *Corizon Health*—that "[Corizon Health] ha[d] a clear legal duty to provide public records . . . because [it] acted on behalf of a public entity by providing medical care to inmates at various New Mexico correctional and detention facilities." 2020-NMCA-014, ¶ 26. Here, a question of material fact remains. Defendant has a clear legal duty to provide public records because it acted on behalf of NMCD by providing medical care to prisoners in New Mexico. The majority disregards this duty and relies on a technical reading of Plaintiff's admissions that deprives litigants of the opportunity to vindicate their rights under IPRA.

**{28}** For the above reasons, I respectfully dissent from the majority opinion as I would decline to exercise jurisdiction to resolve this appeal as the district court's order is nonfinal.

**SHAMMARA H. HENDERSON, Judge**