624 P.2d 60

**Charles P. GALLEGOS, Plaintiff-Appellant,**

v.

**John CHASTAIN and United Nuclear Corporation, Defendants-Appellees.**

**No. 4671.**

Court of Appeals of New Mexico.

Jan. 27, 1981.

552

Michael E. Vigil, Romero & Vigil, P. A., Albuquerque, for plaintiff-appellant.

Alan C. Torgerson and Gregory W. Chase, Miller, Stratvert, Torgerson & Brandt, P. A., Albuquerque, for defendants-appellees.

## OPINION

WOOD, Judge.

Plaintiff and Chastain were employees of United Nuclear Corporation. Plaintiff claimed that Chastain committed a battery upon him. The alleged battery occurred near the elevator used to take employees from underground to the surface of the mine and before the requisite checking out for completion of the work shift. Plaintiff sought to recover compensatory and punitive damages; the trial court granted summary judgment for the defendants, plaintiff appealed. Plaintiff's deposition testimony raised a factual issue as to whether a battery was committed; the issue is whether, in light of provisions in our Workmen's

Compensation Act, plaintiff's exclusive remedy for the alleged battery was under the Workmen's Compensation Act (hereinafter "the Act").

## (a) Remedy Provisions Generally

### (1) Employer

Sections 52–1–8 and 52–1–9, N.M.S.A. 1978 contain broad language to the effect that when the facts are within the provisions of the Act, the employer's liability under the Act is exclusive. The exclusivity provisions have consistently been applied. "Our statutes could scarcely be more explicit in abolishing every statutory or common-law right or remedy against the employer not provided by the Workmen's Compensation Act, accruing to any person whomsoever, which arises by reason of such injury." *Roseberry v. Phillips Petroleum Company*, 70 N.M. 19, 369 P.2d 403 (1962); see *Royal Indem. Co. v. Southern Cal. Petroleum Corp.*, 67 N.M. 137, 353 P.2d 358 (1960); *Beal v. Southern Union Gas Company*, 62 N.M. 38, 304 P.2d 566 (1956). *Compare City of Artesia v. Carter*, 94 N.M. 311, 610 P.2d 198 (Ct.App.1980). These cases involved third parties seeking to impose liability upon the employer; our case involves an employee seeking to impose liability upon the employer. The pertinence of these cases is that they gave effect to, rather than weakening, statutory provisions limiting the employer's liability.

### (2) Employee

At a time when the exclusivity provisions of the Act were worded in terms of the employer, or the insurer, guarantor or surety of the employer, *Hockett v. Chapman*, 69 N.M. 324, 366 P.2d 850 (1961) held that an employee, allegedly causing an injury to a co-employee, did not have the benefit of statutory provisions limiting the employer's liability. "In the absence of express language ... denying an employee the right to maintain a negligence action against a coemployee ... we ... conclude that a coemployee is 'a person other than the employer' against whom such an action for damages may be maintained ...." See

also *Roseberry v. Phillips Petroleum Company, supra.* These cases involved negligence claims; our case involves an alleged battery. The pertinence of these cases is that they provide a basis for ascertaining the legislative intent in enacting amendments to the statutory exclusivity provisions. These amendments will be discussed subsequently.

### (b) Remedy Provisions for an Intentional Tort

### (1) Employer

The Act provides that compensation is to be paid for accidental injuries, §§ 52–1–9 and 52–1–19, N.M.S.A.1978, and provides for no compensation where the injury was intentionally inflicted by the worker, § 52–1–11, N.M.S.A.1978. Plaintiff contends these statutory provisions show that injury from an intentional tort, such as the alleged battery, does not come within the provisions of the Act and thus the exclusivity provisions are inapplicable. This claim is too broad.

*Sanford v. Presto Mfg. Co.*, 92 N.M. 746, 594 P.2d 1202 (Ct.App.1979) pointed out that an employer had been held liable to an employee, outside workmen's compensation statutes, on a limited basis. *Sanford*, supra, cited *Boek v. Wong Hing*, 180 Minn. 470, 231 N.W. 233 (1930) as an example of a case where the employer was subject to liability for a common-law tort. In *Boek* the employer "intentionally and maliciously struck at plaintiff with a heavy broom handle ...." *Boek* held: "As between employer and employee willfully and intentionally inflicted bodily injuries should neither be regarded as accidental nor as giving occasion for the application of the Compensation Act ...." *Sanford* also cited 2A Larson, Workmen's Compensation Law, § 68.13 for the view that the employer's liability, outside the Act, was for " 'deliberate infliction of harm comparable to an intentional left jab to the chin.' " Thus, the basis for the employer's liability outside the Act is an actual intent to injure on the part of the employer. In *Sanford*, a claim of intentionally using equipment, knowing that the

equipment emitted toxic fumes dangerous to human health, was not the type of intentional tort for which the employer would be held liable outside the Act.

In this case, plaintiff presents two theories for holding the employer liable outside the Act.

■ The first amended complaint asserts that the alleged battery resulted from "the failure of United Nuclear Corporation to take adequate and reasonable precaution for the benefit of plaintiff, its employee, from physical harm and abuse from supervisory personnel." This is not a claim for an intentional tort.

■ The proposed second amended complaint asserts that the alleged battery occurred while "Chastain was engaging upon his employer's business with the view of furthering his employer's interest, and did not arise entirely from some external, independent and personal motive." Plaintiff describes this allegation as a claim that the employer is liable, outside the Act "for the acts of its servant committed in the scope or cause of his employment", citing *McCauley v. Ray*, 80 N.M. 171, 453 P.2d 192 (1968) and *Grandi v. LeSage*, 74 N.M. 799, 399 P.2d 285 (1965).

Neither *McCauley* nor *Grandi* is applicable; neither case involved statutory provisions limiting the liability of the employer. Plaintiff's sole basis for avoiding the exclusivity provisions of the Act is the claim that there was an intentional tort. Such is insufficient unless there was an actual intent to injure on the part of the employer; there is no factual basis for such a claim in this case.

*Larson,* supra, § 68.21 explains:

When the person who intentionally injures the employee is not the employer in person nor a person who is realistically the alter ego of the corporation, but merely a foreman, supervisor or manager, both the legal and the moral reasons for permitting a common-law suit against the employer collapse, and a substantial majority of modern cases bar a damage suit against the employer.

The legal reason for permitting the common-law suit for direct assault by the employer, as we have seen, is that the same person cannot commit an intentional assault and then allege it was accidental. This does not apply when the assailant and the defendant are two entirely different people. Unless the employer has commanded or expressly authorized the assault, it cannot be said to be intentional from his standpoint any more than from the standpoint of any third person. Realistically, it to him is just one more industrial mishap in the factory, of the sort he has a right to consider exclusively covered by the compensation system.

The trial court properly granted summary judgment in favor of the employer.

### (2) Employee

*Hockett v. Chapman, supra,* held that a co-employee could be liable for negligent injury to a fellow employee, in the absence of express statutory provisions. Such provisions were enacted by Laws 1971, ch. 253; the title to this enactment states that it is "AN ACT ... EXEMPTING EMPLOYEES FROM LIABILITY IN CERTAIN CIRCUMSTANCES ...." The following quotations are of amended sections, as they appear in N.M.S.A.1978.

Section 52–1–6(D) (1980 Cum.Supp.) provides:

Nothing in the Workmen's Compensation Act, however, shall affect, or be construed to affect, in any way, the existence of, or the mode of trial of, *any claim or cause of action which the workman has against any person other than his employer, or another employee of his employer, including a management or supervisory employee,* or the insurer, guarantor or surety of his employer. Laws 1971, ch. 253, § 1(F). (Our emphasis.)

Section 52–1–8 provides:

Any employer who has complied with the provisions of the Workmen's Compensation Act [52–1–1 to 52–1–69 NMSA 1978] relating to insurance, or *any of the employees of the employer, including management and supervisory employees, shall not be subject to any other liability whatsoever for the death of or personal*

*injury to any employee*, except as provided in the Workmen's Compensation Act, and *all causes of action, actions at law, suits in equity and proceedings whatever, and all statutory and common-law rights and remedies for and on account of such death of, or personal injury to, any such employee and accruing to any and all persons whomsoever, are hereby abolished* except as provided in the Workmen's Compensation Act. Laws 1971, ch. 253, § 2. (Our emphasis.)

Section 52–1–56(C) provides:

C. *The right of any workman, or, in case of his death, of those entitled to receive payment or damages for injuries occasioned to him by the negligence or wrong of any person other than the employer or any other employee of the employer, including a management or supervisory employee, shall not be affected by the Workmen's Compensation Act*, but he or they, as the case may be, shall not be allowed to receive payment or recover damages therefor and also claim compensation from the employer, and in such case the receipt of compensation from the employer shall operate as an assignment to the employer, his or its insurer, guarantor or surety, as the case may be of any cause of action, to the extent of payment by the employer to the workman for compensation, surgical, medical, osteopathic, chiropractic, and hospital services and medicine occasioned by the injury which the workman or his legal representative or others may have against any other party for the injuries or death. Laws 1971, ch. 253, § 3(C). (Our emphasis.)

The immunity of the employee is not limited to negligent injury; rather, the above statutes accord immunity for all causes of action, all common-law rights and remedies, for "negligence or wrong". With such statutory provisions, the rationale expressed in *Boek v. Wong Hing, supra*, for holding an employer liable is inapplicable to claims against an employee. See *Beck v. Hamann*, 263 Wis. 131, 56 N.W.2d 837 (1953).

*Roseberry v. Phillips Petroleum Company, supra*, explains the employer's absolute, but limited, liability to pay compensation to an injured employee is "in exchange for a release from the unlimited liability to which he was theretofore subject . . . ." *Larson* suggests this same reasoning may apply to limitations on the liability of a co-employee. *Larson*, supra, § 72.20 states:

The reason for the employer's immunity is the *quid pro quo* by which the employer gives up his normal defenses and assumes automatic liability, while the employee gives up his right to common-law verdicts. This reasoning can be extended to the tortfeasor co-employee; he, too, is involved in this compromise of rights. Perhaps, so the argument runs, one of the things he is entitled to expect in return for what he has given up is freedom from common-law suits based on industrial accidents in which he is at fault.

The New Mexico Legislature followed this reasoning in adopting the broad language of the above-quoted statutory provision.

The trial court did not err in granting summary judgment in favor of Chastain.

The summary judgments are affirmed.

IT IS SO ORDERED.

LOPEZ and ANDREWS, JJ., concur.