650 P.2d 1

**Frances G. DICKSON,**
**Plaintiff-Appellant,**

v.

**MOUNTAIN STATES MUTUAL**
**CASUALTY COMPANY,**
**Defendant-Appellee.**

**No. 13953.**

Supreme Court of New Mexico.

Aug. 17, 1982.

Marchiondo & Berry, Charles G. Berry, Michael Vigil, Albuquerque, for plaintiff-appellant.

Modrall, Sperling, Roehl, Harris & Sisk, Douglas R. Vadnais, Thomas Johnson, Albuquerque, for defendant-appellee.

**OPINION**

RIORDAN, Justice.

This is an appeal from the District Court of Bernalillo County. Frances G. Dickson (appellant) sought damages from her employer's workmen's compensation carrier, Mountain States Mutual Casualty Company (appellee), for bad faith refusal to pay hospitalization and medical expenses to which appellant claimed she was entitled pursuant to the insurance policy issued to appellant's employer. The district court granted appellee's motion to dismiss for failure to state a claim upon which relief may be granted. This appeal followed. We affirm.

As a result of an on-the-job accident while working for Bob Farley Music Center, appellant became totally disabled. Since the accident, appellee paid appellant some bi-weekly compensation disability benefits and honored some related medical expenses. However, appellee refused to pay $4,002.68 of appellant's medical expenses. Appellant claims that appellee's refusal to pay those medical expenses amounts to a willful and wanton disregard of its obligation to deal in good faith under the terms of the insurance policy. Appellant contends that the failure of appellee to pay has resulted in emotional distress and mental anguish to appellant and that appellant is entitled to file an independent action for compensatory and punitive damages because of appellee's refusal to pay.

The issue presented in this appeal is whether the Workmen's Compensation Act, Section 52–1–1 through 52–1–69, N.M.S.A. 1978 (Cum.Supp.1981), provides an exclusive remedy, or whether an injured employee who is receiving workmen's compensation benefits and medical expenses from his employer or his insurer has a cause of action against the employer's insurer for refusal of the insurer to pay some of the medical expenses which the employee claims are owing. We hold that the New Mexico Workmen's Compensation Act provides the exclusive remedy under the particular facts in this case.

The New Mexico Workmen's Compensation Act expressly makes the remedies provided by the Act the sole and exclusive remedies available to an employee for claims against his employer or insurer.

Section 52–1–9 states, in pertinent part:

The right to compensation provided for in this act [52–1–1 to 52–1–69 NMSA 1978], *in lieu of any other liability whatsoever,* to any and all persons whomsoever, for any personal injury accidentally sustained or death resulting therefrom, shall obtain in all cases . . . . (Emphasis added.)

Section 52–1–8 states, in pertinent part, that:

Any employer who has complied with the provisions of the Workmen's Compensation Act [52–1–1 to 52–1–69, NMSA 1978] relating to insurance, . . . *shall not be subject to any other liability whatsoever* for the death of or personal injury to any employee, except as provided in the Workmen's Compensation Act, *and all causes of action, actions at law, suits in equity and proceedings whatever, and all statutory and common-law rights and remedies for and on account of such death of, or personal injury to, any such employee . . . are hereby abolished except as provided by the Wɔrkmen's Compensation Act.* (Emphasis added.)

Section 52–1–6(D) restates the exclusivity of compensation benefits in a slightly different manner:

Nothing in the Workmen's Compensation Act, however, shall affect, or be construed to affect, in any way, the existence of, or the mode of trial of, any claim or cause of action which the workman has against any person *other than his employer,* or another employee of his employer, including a management or supervisory employee, *or the insurer, guarantor or surety of his employer.* (Emphasis added.)

The exclusivity provided for by the New Mexico Workmen's Compensation Act is the product of a legislative balancing of the employer's assumption of liability without fault with the compensation benefits to the employee:

[W]orkman's compensation . . . affords the exclusive remedy for the injury by the employee or his dependents against the employer and insurance carrier. This is part of the *quid pro quo* in which the sacrifices and gains of employees and em-ployers are to some extent put in balance, for, while the employer assumes a new liability without fault, he is relieved of the prospect of large damage verdicts.

*Mountain States Tel. & Tel. Co. v. Montoya,* 91 N.M. 788, 791, 581 P.2d 1283, 1286 (1978) (*quoting* with approval from 2A A. Larson, The Law of Workmen's Compensation Law Section 65.10 at 12–1 to 12–4 (1976).

This legislative balancing reflects the recognized public policy supporting this exclusivity:

Concerning the public policy in limiting the employer's liability, [citation omitted]:

The basis upon which the Workmen's Compensation Law rests is that it imposes upon the employer an absolute, though limited, liability, not based upon the principle of tort but upon compensation to the injured employee regardless of fault * * in exchange for a release from the unlimited liability to which he was theretofore subject upon the theory of negligence.

*City of Artesia v. Carter,* 94 N.M. 311, 313–14, 610 P.2d 198, 199, 200–01 (Ct.App.1980).

Although New Mexico state courts have not addressed the propriety of tort actions seeking damages for denial or termination of medical or compensation benefits, both the United States District Court for the District of New Mexico and the Tenth Circuit Court of Appeals, each applying New Mexico law, have addressed this precise issue. In two separate New Mexico cases the federal district courts, and later the Court of Appeals, held that the New Mexico Workmen's Compensation Act barred such actions, regardless of whether the denial or termination was in bad faith. *Chavez v. Kennecott Copper Corp.,* 547 F.2d 541 (10th Cir. 1977); *Escobedo v. American Employers Ins. Co.,* 547 F.2d 544 (10th Cir. 1977).

In *Chavez,* the plaintiff alleged bad faith denial of compensation benefits. He argued that such a denial was intentional tortious conduct and that the proper remedy was a suit for deceit, bad faith, and intentional infliction of emotional distress. The Tenth Circuit affirmed a summary

judgment against the plaintiff, and noted that the Act clearly contemplated that claims might be denied, in which case an employee has recourse to the state courts:

> The Act clearly contemplates that an employer may deny a workman's claim for compensation benefits, but if he does, the Act provides the workman with a remedy. The remedy is the same whether the denial is made in good faith or bad faith. In either case, the Act gives the workman the right to file his claim with the state district court and have the court adjudicate it. *By the terms of the Act, this is the exclusive remedy for the denial of a claim for compensation.*

*Id.* 547 F.2d at 543 (emphasis added.)

General exclusivity of the New Mexico Workmen's Compensation Act has been litigated in this State. The decisions have uniformly held that the employer or insurer's liability is limited to that set forth in the Act. This Court addressed the issue of exclusivity in *Galles Chevrolet Company v. Chaney*, 92 N.M. 618, 593 P.2d 59 (1979). In affirming the trial court's summary judgment against an employee bringing an action outside the compensation act to recover damages, this Court held that since the Workmen's Compensation law has provided a remedy, "that law is exclusive." *Id.* at 620, 593 P.2d at 61.

In *Mountain States Tel. & Tel. Co. v. Montoya, supra*, this Court barred an employee from maintaining a tort claim for damages.

> Once a workman's compensation act has become applicable either through compulsion or election, it affords the exclusive remedy for the injury by the employee or his dependents against the employer and insurance carrier.

*Id.* 91 N.M. at 791, 581 P.2d at 1286 (*quoting* Larson, *supra*).

This Court has expressly stated that if the compensation act provides a remedy for the alleged wrong, then that remedy is exclusive. Here, the alleged wrong is the refusal to pay a medical bill. The compensation act clearly provides a remedy. As noted in *Chavez* and in *Escobedo*, a plaintiff

need only file a complaint in state court to compel payment of any benefits to which she may be entitled. A defendant's responsibility to pay, if it is in fact responsible, exists solely by virtue of the Workmen's Compensation Act. The Act itself provides the benefits and the remedies for any failure to pay. Thus, plaintiff is bound to follow the procedures set forth in the Act to redress the insurer's alleged wrong. *See also Gallegos v. Chastain*, 95 N.M. 551, 624 P.2d 60 (Ct.App.1981).

The trial court is affirmed.

IT IS SO ORDERED.

SOSA, Senior Justice, and FEDERICI, J., concur.