426 So.2d 609 (1983)
Willie JONES
v.
John THOMAS, the Audubon Park Commission, Puritan Insurance Company and the City of New Orleans.
No. 82-C-1484.
Supreme Court of Louisiana.
January 10, 1983.
Rehearings Denied February 11, 1983.
Gregory P. Dileo, A.J. Capritto, New Orleans, for applicant.
Robert E. Kerrigan, Jr., Deutsch, Derrigan & Stiles, James HaneMann, Jr., New Orleans, for respondent.
*610 LEMMON, Justice.
The legal issue in this case is whether an injured employee's compensation remedy against his employer is the exclusive remedy when the employee's injury is caused by the intentional act of a coemployee under circumstances which would cause the employer to be vicariously liable if the injured person had been a third person who had no employment relationship with the employer. The trial court answered the question in the affirmative by maintaining the employer's exception of no cause of action and dismissing the employee's suit. The court of appeal affirmed. 413 So.2d 180. We granted the employee's application for certiorari to review these rulings. 420 So.2d 162.
According to the allegations of the employee's petition (which must be accepted as true for the purpose of an exception of no cause of action), plaintiff-employee's coemployee intentionally struck plaintiff in the head during working hours and caused the injuries which are at issue in this litigation.
Citing LaBrane v. Lewis, 292 So.2d 216 (La.1974), plaintiff contends that an employer is vicariously liable for the intentional (as well as the negligent) acts of an employee when the conduct causing the injury is so closely connected in time, place and causation to the employment duties that the conduct must be regarded as a risk of harm fairly attributable to the employer's business. On the other hand, defendant-employer argues that the employer did not expressly or implicitly authorize the injury-causing conduct and did not benefit from it, nor was the action taken by the employee in furtherance of the employer's interest so as to make the employer vicariously liable for the consequences of the employee's conduct.
However, since this matter is before us on an exception of no cause of action, we are not as concerned with the question of whether the employer may be held vicariously liable for the particular conduct of the employee under the facts alleged in the petition (or even the facts which may be alleged in an amended petition and proved at trial) as we are with the question of whether the employer can ever be held vicariously liable, under any facts and circumstances, for the employee's intentional act when the victim of the intentional act is also an employee of the employer. This issue has been brought into focus since the 1976 amendment to La.R.S. 23:1032 expanded the exclusivity of the compensation remedy by barring suits not only against the employer, but also against the coemployees of the employer, with certain exceptions.[1]
Prior to the 1976 amendment, an injured employee, although not entitled to maintain a tort action against his employer for injuries incurred in a work-related incident, was entitled to maintain a tort action against his coemployees, and the courts entertained many tort actions in which the injury resulted from a breach of responsibility owed by an executive officer. See Adams v. Fidelity *611 and Cas. Co., 107 So.2d 496 (La.App. 1st Cir.1958); Canter v. Koehring Co., 283 So.2d 716 (La.1973). The 1976 legislation was designed to close the "executive officer" loophole in the exclusiveness of the compensation remedy and to extend tort immunity not only to employers, but also to principals (who had previously enjoyed only a jurisprudentially established immunity) and to employees of employers and principals, except for "liability, civil or criminal, resulting from an intentional act".[2] This court has held, in accordance with our perception of legislative intent, that the exception should be confined to those cases involving intentional torts as traditionally defined. See Bazley v. Tortorich, 397 So.2d 475 (La.1981).
The particular question presented by the instant case is whether the 1976 amendment's general grant of tort immunity should be withheld from an employer because of the intentional act exception, when the coemployee's intentional act is one for which the employer would be vicariously liable to a third party. The court of appeal adopted the views of the treatise commentators, who have pointed out that the intentional act exception is based on personal moral culpability and should apply only to personal (as opposed to vicarious) liability.[3] However, in Rennier v. Johnson, 410 So.2d 1149 (La.App. 3rd Cir.1982), cert. denied, 412 So.2d 1115, the court of appeal for that circuit, interpreting as ambiguous the provision of La.R.S. 23:1032 that "[n]othing in this Chapter shall affect the liability of an employer ... resulting from an intentional act", construed the statute in favor of the employee and permitted the action.
We note that La.R.S. 23:1032 provides for general immunity, but exempts from immunity the liability of an employer or an employee of the employer "resulting from an intentional act", without specifying whose intentional act triggers the exception. Because the statute could be interpreted with equal reasonableness to exempt an employer only for liability resulting from his intentional act, we look to all pertinent considerations to make our determination.[4]
*612 Except for the provisions of the compensation act at issue in this litigation, an employer is vicariously liable under general tort law for the injury-causing acts of an employee, whether the acts are negligent or intentional. LeBrane v. Lewis, above. Thus, the 1976 amendment which granted general tort immunity from liability, but further provided that nothing shall affect the civil liability of the employer or coemployee resulting from an intentional act, can very reasonably be interpreted as excepting from general immunity any liability of the employer for an intentional act, whether personal or vicarious.[5] Moreover, an employer's absolute liability (whether personal or vicarious) for intentionally inflicted injuries could be considered as a possible legislative trade-off for absolute immunity for negligently inflicted injuries.
Finally, the interpretation advocated by the plaintiff (that only nonintentionally injured employees are relegated to compensation benefits) would also provide clarity and consistency. If the injury is caused accidentally, whether by the employer or by a coemployee, then the injured employee can sue only for compensation benefits; but if the injury is caused intentionally, whether by the employer or by a coemployee, then the injured employee can sue in tort.
We conclude that since the first paragraph of La.R.S. 23:1032 provides clearly a rule of general tort immunity under which liability for all nonintentional acts falls within the purview of the compensation act, the second paragraph of the statute should be interpreted to exclude all intentional acts from the general immunity. We further conclude that application of general tort law may make the employer vicariously liable for the intentional acts of the injured employee's coemployee.
Accordingly, the judgments of the lower courts dismissing the City of New Orleans, the Audubon Park Commission and Puritan Insurance Company are reversed, the exception of no cause of action and the motion for summary judgment are overruled, and the case is remanded for further proceedings.[6]
BLANCHE, J., dissents.
MARCUS, J., dissents and assigns reasons.
DENNIS, J., dissents with reasons.
MARCUS, Justice (dissenting).
I consider that under the statute in question an employee's exclusive remedy against his employer is for workmen's compensation except for liability resulting from the employer's intentional act. To permit an employee to recover against his employer for the "intentional act" of a co-employee is contrary to the letter and intendment of the statute. Accordingly, I respectfully dissent.
DENNIS, Justice, dissenting.
I reluctantly dissent.
Although I am not certain the majority has reached an incorrect result, it appears that it has incorrectly pretermitted at least two questions crucial to a disciplined analysis of the exception of no cause of action. I believe that it is necessary to decide and declare under what circumstances an employer shall be held liable for the intentional tort of his employee and to determine whether it can be inferred that such circumstances exist in this case from the allegations of the petitioner. Although I think *613 I agree with the majority's construction of the worker compensation statute, without consideration of these crucial issues, its opinion actually appears to be an advisory view on an abstract question.
Even if it were determined that the exception of no cause of action was properly sustained, however, I would permit an amendment of the pleadings to cure the deficiency.

ON APPLICATION FOR REHEARING
PER CURIAM.
On application for rehearing by Puritan Insurance Company, we clarify footnote 6 and reserve to Puritan the right to raise, in the trial court on remand, all appropriate coverage issues.
NOTES
[1] As amended in 1976, La.R.S. 23:1032 provides:

"The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease. For purposes of this Section, the word `principal' shall be defined as any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.
"Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.
"The immunity from civil liability provided by this Section shall not extend to: 1) any officer, director, stockholder, partner or employee of such employer or principal who is not engaged at the time of the injury in the normal course and scope of his employment; and 2) to the liability of any partner in a partnership which has been formed for the purpose of evading any of the provisions of this Section."
[2] The intentional act exception was one of several proposals which were considered by the legislature to soften the loss of the cause of action against executive officers and other coemployees. Other proposed exceptions were for an employer's failure to provide a safety device required by statute, for an employer's violation of a recognized safety rule, and for a supervisory employee's gross negligence.
[3] The purpose of the intentional act exception is to prevent an employer or a coemployee who personally inflicts an intentional injury from using an immunity designed for accidental injuries to protect himself against the consequences of his own willful misconduct. 2A A. Larson, The Law of Workmen's Compensation, § 68.11 (1982); W. Malone and A. Johnson, 14 La. Civil Law TreatiseWorker's Compensation Law and Practice § 365 (2d ed. 1980). Thus, neither an employer nor a coemployee who willfully causes an employee's injury can avail himself of the shield of tort immunity generally provided by La.R.S. 23:1032.
[4] Statutes from other jurisdictions which similarly do not refer expressly to vicarious liability have been generally interpreted as not excepting an employer from tort immunity except for personal willful acts. See Jett v. Dunlap, 179 Conn. 215, 425 A.2d 1263 (1979); Sands v. Union Camp Corporation, 559 F.2d 1345 (5th Cir.1977); Gallegos v. Chastain, 95 N.M. 551, 624 P.2d 60 (1981). However, at least one state has an explicit statutory pronouncement on the problem:

"The right to recover compensation pursuant to this chapter for injuries sustained by an employee or for the death of an employee is the exclusive remedy against the employer or any co-employee acting in the scope of his employment, and against the employer's workmen's compensation insurance carrier or administrative service representative, except as provided by § 23-906, and except that if the injury is caused by the employer's wilful misconduct, or in the case of a co-employee by the co-employee's wilful misconduct, and the act causing the injury is the personal act of the employer, or in the case of a co-employee the personal act of the co-employee, or if the employer is a partnership, on the part of a partner, or if a corporation, on the part of an elective officer of the corporation, and the act indicates a wilful disregard of the life, limb or bodily safety of employees, the injured employee may either claim compensation or maintain an action at law for damages against the person or entity alleged to have engaged in the wilful misconduct." (Emphasis supplied.) Ariz.R.S. § 23-1022A.
[5] On the other hand, the amendment could be construed as leaving intact the employer's tort immunity from vicarious liability which existed before the amendment.
[6] Puritan Insurance Company, sued as the insurer of the Audubon Park Commission, moved for a summary judgment on the basis that its policy excluded obligations of the insured under workmen's compensation law. The trial court granted the motion in a separate judgment and dismissed Puritan without prejudice. Plaintiff appealed from both judgments, and the court of appeal affirmed without discussing the summary judgment, since dismissal of the Commission rendered the coverage issue moot. Because we reverse the dismissal of the Commission on exceptions, we also reverse the summary judgment, reserving to Puritan the right to assert other coverage issues relevant to the tort claim.