659 P.2d 318
**Arturo Juan GONZALES,**

v.

**UNITED STATES FIDELITY &
GUARANTY COMPANY.**

**No. 5903.**

Court of Appeals of New Mexico.

Feb. 3, 1983.

Bruce P. Moore, Moscow, Idaho, for appellant.

Walter J. Melendres, Montgomery & Andrews, P.A., Santa Fe, for appellee.

OPINION

BIVINS, Judge.

We are asked in this appeal to consider a question similar to the one presented to the New Mexico Supreme Court in *Dickson v. Mountain States Mutual Casualty Company,* 98 N.M. 479, 650 P.2d 1 (1982): Does the Workmen's Compensation Act, §§ 52–1–1 through 52–1–69, N.M.S.A.1978 (Cum.Supp. 1982), provide an exclusive remedy, or can an injured workman pursue an independent cause of action against the employer's insurer for wrongfully terminating weekly benefits?

Plaintiff (appellant) sought compensatory and punitive damages against defendant (appellee) claiming breach of defendant's duty to act in good faith; economic coercion; intentional infliction of mental and emotional distress; violation of the Unfair Insurance Practices Act; and wrongful interference with contractual rights and present and prospective property rights. The trial court granted defendant's motion to dismiss for failure to state a claim upon which relief can be granted. Plaintiff appeals. We affirm.

While employed by Angel Fire Corporation, plaintiff suffered an accidental injury on August 9, 1978 which arose out of and in the course of his employment. The defendant, as compensation carrier for plaintiff's employer, commenced making timely benefit payments following the accidental injury. Plaintiff alleges that he has been totally and permanently disabled since the accident and that defendant and its agent have at all times been fully aware of his disability.

Plaintiff further alleges that in May, 1980, while full benefits were being paid, an individual claiming to be an attorney representing plaintiff contacted a claims adjuster for defendant, offered to settle plaintiff's claim and threatened to request a jury trial

if a settlement was not effected. According to plaintiff's complaint, the individual making the offer was not in fact licensed to practice law in New Mexico, and plaintiff alleges that defendant knew or should have known this because of the attorney's valuation of the case ($250,000), the size of the demand ($150,000) and the "threat" of a jury trial, which is not permitted under the compensation act. Negotiations continued between the "attorney" and defendant and in July 1980 defendant made an offer to settle plaintiff's claim for $15,000 plus 15% attorney fees. Plaintiff alleges that on August 15, 1980 defendant advised its own attorney that the case had been settled.

In early September 1980 plaintiff engaged another lawyer, who was licensed, notified defendant of that fact, advised that there was no settlement and requested defendant to continue compensation benefits. Plaintiff alleges that on September 13, 1980 defendant terminated his weekly benefits ($120), and four days later defendant's attorney proposed a settlement to plaintiff's new attorney on the same terms previously negotiated. Shortly after September 17, 1980 plaintiff's new attorney negotiated a reinstatement of benefits, and on October 9, 1980 plaintiff received a check for the past due benefits. Plaintiff alleges the check was accompanied by a memo from defendant which falsely reflected timely payment of benefits.

Plaintiff alleges that defendant again terminated his benefits on October 24, 1980. Subsequently, plaintiff's attorney arranged to have him evaluated by a rehabilitation center, and the results showed that plaintiff was totally disabled. On December 1, 1980 plaintiff filed his compensation action, and on December 16, 1980 defendant accepted the claim as a "total disability" and reinstated benefits. Defendant has continued to pay benefits from that time to the present. A judgment was entered on April 13, 1982 in the compensation case requiring that benefits be paid.

Plaintiff alleges that on the two occasions when his weekly benefits were terminated he was totally disabled, dependent on those payments for his livelihood and forced to borrow money to survive, and that defendant was aware of this. He claims that defendant terminated his benefits in order to "starve him out" and coerce him into accepting an unfavorable settlement. Plaintiff also alleges that he has a limited education, that his primary language is Spanish and that he has difficulty with English.

■ The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim, that is, to test the law of the claim, not the facts that support it. In considering whether a complaint states a cause of action upon which relief can be granted, the court must accept as true all the facts which are pled. *McCasland v. Prather,* 92 N.M. 192, 585 P.2d 336 (Ct.App.1978).

While acknowledging the *Dickson* holding, plaintiff contends that it is not controlling here for the following reasons: First, that *Dickson* is distinguishable; second, that a private right of action may be implied from the Unfair Insurance Practices Act, §§ 59–11–9 to 59–11–22, N.M.S.A. 1978; third, causes of action otherwise exist at common law; and, finally, that defendant's claimed conduct constituted a wrongful interference with contractual rights as well as present and prospective property rights.

The Supreme Court in *Dickson* said, "We hold that the New Mexico Workmen's Compensation Act provides the exclusive remedy *under the particular facts in this case.*" 98 N.M. at 479, 650 P.2d at 1 (emphasis added). Plaintiff argues that since the *Dickson* holding is limited to the facts of that case, alleged bad faith refusal to provide medical expenses, it should not control as applied to the facts alleged here. The main distinction urged by plaintiff is the compensation carrier's motive to coerce an injured workman into an unfavorable settlement which he contends is present here but missing in *Dickson*. Plaintiff argues that failure to pay medical expenses is not the same as failure to pay weekly benefits, and that weekly benefits were terminated

in this case in order to force plaintiff to accept an unfavorable settlement. Plaintiff says his economic existence did not depend upon payment of medical benefits but did depend upon payment of weekly benefits. Claiming defendant was aware of plaintiff's plight, he argues that defendant attempted to use economic duress to force plaintiff into an unfavorable settlement and that this was tantamount to intentionally inflicting mental and emotional distress. Plaintiff contends that while filing a claim might eliminate the problem, it does not remedy the injuries inflicted. This, according to plaintiff, can only be remedied by an independent cause of action. Further, relying on *Reed v. Hartford Accident & Indemnity Company,* 367 F.Supp. 134 (E.D.Pa.1973), plaintiff urges that the exclusivity provisions of the compensation act are irrelevant to causes of action which are not covered by it.

■ While this argument has gained some support in other jurisdictions, *see, e.g. Broaddus v. Ferndale Fastener Division,* 84 Mich.App. 593, 269 N.W.2d 689 (1978); *Baker v. American States Ins. Co.,* Ind.App., 428 N.E.2d 1342 (1981), the holding in *Dickson* is sufficiently broad so as to preclude an independent cause of action under the facts alleged here. The Supreme Court in *Dickson* said:

> This Court has expressly stated that if the compensation act provides a remedy for the alleged wrong, then that remedy is exclusive. Here, the alleged wrong is the refusal to pay a medical bill. The compensation act clearly provides a remedy.

98 N.M. at 481, 650 P.2d at 3. In the present case the wrong was the refusal to pay weekly benefits. The Workmen's Compensation Act clearly provides a remedy, and plaintiff successfully pursued that remedy.

The rationale for *Dickson* is found in the exclusivity provisions of the Workmen's Compensation Act which is the result of a legislative balancing of the employer's assumption of liability without fault in exchange for limitations on the benefits which an injured employee may recover. Plaintiff does have a remedy if the defendant compensation carrier fails or refuses to pay. Here plaintiff pursued that remedy on the second occasion when benefits had ceased, and relief was obtained; defendant accepted the claim and reinstated benefits within 15 days after suit was filed. We also note that the Supreme Court in *Dickson,* cited with approval *Chavez v. Kennecott Copper Corp.,* 547 F.2d 541 (10th Cir.1977), and *Escobedo v. American Employer's Ins. Co.,* 547 F.2d 544 (10th Cir.1977), both of which arose in New Mexico and involved termination of benefits. In both cases bad faith was alleged and in *Escobedo,* the workman claimed "that the resulting delays and harassment by protracted legal proceedings caused the plaintiff to compromise his claim for compensation benefits for an unreasonable amount." 547 F.2d at 544. Here plaintiff alleges that he did not accept the defendant's offer to settle but instead filed suit following which benefits were reinstated and a judgment for total disability entered.

> The Supreme Court in *Dickson,* stated:
> A defendant's responsibility to pay, if it is in fact responsible, exists solely by virtue of the Workmen's Compensation Act. The Act itself provides the benefits and the remedies for any failure to pay. Thus, plaintiff is bound to follow the procedures set forth in the Act to redress the insurer's alleged wrong.

98 N.M. at 481, 650 P.2d at 3 (citation omitted).

In his quest for an independent cause of action, plaintiff not only urges economic duress as being available, relying on *Terrel v. Duke City Lumber Company,* 86 N.M. 405, 524 P.2d 1021 (Ct.App.1974), *modified,* 88 N.M. 299, 540 P.2d 229 (1975), he also contends that a private cause of action may be implied from the Unfair Insurance Practices Act. Plaintiff specifically relies on §§ 59–11–13(I)(3), (5), (6) and (7) claiming that defendant knowingly violated these provisions. The section covers unfair claims settlement practices knowingly committed with such frequency as to indicate a

general business practice. Plaintiff cites cases which have held an implied private cause of action may exist under similar statutes. *Jenkins v. J.C. Penney Cas. Ins. Co.,* 280 S.E.2d 252 (W.Va.1981); *First Sec. Bank of Bozeman v. Goddard,* 181 Mont. 407, 593 P.2d 1040 (1979); and *Royal Globe Ins. Co. v. Superior Court,* 23 Cal.3d 880, 592 P.2d 329, 153 Cal.Rptr. 842 (1979). He also cites New Mexico cases which have recognized, without reference to the Unfair Insurance Practices Act, an action in tort by an insured against an insurer for failure to pay claims. *American Employers' Insurance Co. v. Crawford,* 87 N.M. 375, 533 P.2d 1203 (1975); and *Chavez v. Chenoweth,* 89 N.M. 423, 553 P.2d 703 (Ct.App.1976). Plaintiff's contention need not be addressed, because the Act does provide a remedy under the facts alleged.

Additionally, plaintiff argues that defendant failed to honor the employer's contractual and statutory obligation to deal fairly with the injured employee and that this wrong cannot be remedied under the Workmen's Compensation Act. Under *Dickson* and the facts alleged here the wrong, if one exists, can be remedied under the Act.

Similarly, plaintiff claims that he had an absolute property right by reason of his disability and that this right vested upon entry of judgment in the workman's compensation proceeding. Plaintiff cites as support for this theory *Pedrazza v. Sid Fleming Con., Inc.,* 94 N.M. 59, 607 P.2d 597 (1980). While that case refers to the vesting of a property right in dependents of a deceased workman after death, the Supreme Court said the dependents "right vests as property, if at all, *according to the terms of the Act.*" 94 N.M. at 62, 607 P.2d at 600 (emphasis added, citation omitted). Assuming plaintiff has a property right, a question we need not decide, that right is determined in accordance with the Workmen's Compensation Act, and this is consistent with the holding in *Dickson.*

Were it not for the exclusivity provisions of the Workmen's Compensation Act, these alternate theories might provide plaintiff a means of seeking recourse against defendant. It is not the want of a possible cause of action that precludes plaintiff from obtaining independent relief; it is the exclusivity provisions of the Act. *Dickson.*

Therefore, we hold that in light of *Dickson* plaintiff's sole remedy under the facts alleged in this case is provided by the Workmen's Compensation Act. The trial court is affirmed.

IT IS SO ORDERED.

LOPEZ and DONNELLY, JJ., concur.