703 P.2d 918

**Joe FIELDS, Plaintiff-Appellant,**

v.

**D & R TANK & EQUIPMENT COMPA-
NY, Defendant-Appellee.**

**No. 8147.**

Court of Appeals of New Mexico.

June 11, 1985.

Certiorari Denied July 18, 1985.

142

David A. Archuleta, Albuquerque, Pedro G. Rael, Los Lunas, for plaintiff-appellant.

Donald E. Lepley, Carlos G. Martinez, Shaffer, Butt, Thornton & Baehr, P.C., Albuquerque, for defendant-appellee.

## OPINION

WOOD, Judge.

Plaintiff sought common law damages from his employer on the basis of the alleged malpractice of two physicians in diagnosing and treating a compensable injury. The trial court granted summary judgment for defendant on the basis that plaintiff's claim was premature. The summary judgment was granted on the uncontradicted showing that all compensation benefits, including medical, were current and had been paid. The summary judgment recites that "plaintiff would not be entitled to benefits exceeding the limitations set forth in the New Mexico Workmen's Compensation Act for a cause of action brought pursuant to Section 52–1–49B. N.M.S.A. (1978 Comp.) * * *." Plaintiff does not dispute that a claim for compensation was premature. *See* NMSA 1978, § 52–1–69. His contention is that he may recover common law damages from his employer under NMSA 1978, Section 52–1–49(B) for the physicians' malpractice, and that Section 52–1–69 is not applicable. We assigned the appeal to the legal calendar. Accordingly, we (1) explain the basis for reaching the legal issue, and (2) decide whether the employer's liability under Section 52–1–49(B) is for compensation or common law damages. All statutory citations are to NMSA 1978 (Orig. Pamp. & Cum.Supp.1984).

### REACHING THE LEGAL ISSUE

For the purposes of this appeal it is not disputed that plaintiff suffered a compensable injury to his right forearm in April 1981, that the injury was diagnosed and treated by two physicians, and that plaintiff claims the two physicians committed malpractice in their diagnosis and treatment of the injury.

Section 52–1–49(B) is not applicable unless the employer was "furnishing" the services of the two physicians. *Security Insurance Co. of Hartford v. Chapman*, 88 N.M. 292, 540 P.2d 222 (1975) gave a liberal interpretation to the meaning of "furnishing." Section 52–4–1 appears to restrict that liberal interpretation. The effect of

Section 52–4–1 is not involved in this appeal. No one claims that Section 52–4–1, which was enacted in 1983, applies to the alleged malpractice occurring in 1981. For the purposes of this appeal, defendant was furnishing the services of the two physicians.

Section 52–1–49(B) gives the worker the option of holding the employer liable or of suing the physicians. The election must be in writing. By letter dated February 24, 1984, plaintiff elected to proceed against defendant for the alleged malpractice. On March 5, 1984, plaintiff filed his complaint seeking common law damages for malpractice. However, on April 20, 1984, plaintiff filed a complaint against the two physicians seeking common law damages from them for their alleged malpractice. There is no question in this appeal as to plaintiff withdrawing his election. No one claims such a withdrawal. For the purposes of this appeal, plaintiff has elected to proceed against defendant under Section 52–1–49(B).

Section 52–1–49(B) provides that the worker's election to hold the employer liable, assigns to the employer the worker's cause of action against the two physicians. Thus, the election disposes of the worker's right, *see* Section 52–1–56(C), to sue the physicians. The effect of the election on third-party claims by either the worker or the employer is not an issue in this case.

## COMPENSATION OR COMMON LAW DAMAGES

The pertinent portion of Section 52–1–49(B) states: "[T]he employer furnishing * * * medical * * * services * * * shall be liable to the workman for injuries resulting from neglect, lack of skill or care on the part of any person * * * employed by the employer to care for the workman." This quotation and other parts of Section 52–1–49(B) establish that the employer is "liable * * * for injuries." Liability is not contested. Section 52–1–49(B) is silent as to whether this liability is satisfied by payment of compensation or by payment of common law damages. In deciding this issue we consider other portions of the

compensation statute, the general law outside of New Mexico, and *Chapman.*

**(a) Other portions of the compensation statute.**

Section 52–1–49(B) was enacted as a part of 1959 N.M. Laws, ch. 67, the basic Compensation Act. Statutes are to be read as whole; each provision is to be considered in relation to every other part. *Shaw v. Warner,* 101 N.M. 22, 677 P.2d 635 (Ct.App.1984). All pertinent sections of the Compensation Act must be read in a manner to give effect to legislative intent. *Transamerica Insurance Co. v. Sydow,* 97 N.M. 51, 636 P.2d 322 (Ct.App.1981). Accordingly, we consider other portions of the compensation statute.

This consideration reveals the following:

1. The employer's liability under the Compensation Act, of which Section 52–1–49(B) is a part, is limited to the payment of compensation and related benefits. Section 52–1–6(D) provides that compliance with the Compensation Act is a surrender by the employee "to any other method, form or amount of compensation" and to any "common-law right to remedy * * *." Section 52–1–8 limits the employer's liability to the Compensation Act and abolishes all common law rights and remedies except as provided in the Compensation Act. Section 52–1–9 provides that the right to the compensation provided in the Act is "in lieu of any other liability whatsoever * * *." The cases are clear that the Compensation Act provides the exclusive remedy. Efforts to avoid the exclusivity provisions and recover tort, that is, common law damages, have been unsuccessful. *Dickson v. Mountain States Mutual Casualty Co.,* 98 N.M. 479, 650 P.2d 1 (1982); *Gonzales v. United States Fidelity & Guaranty Co.,* 99 N.M. 432, 659 P.2d 318 (Ct.App.1983); *Gallegos v. Chastain,* 95 N.M. 551, 624 P.2d 60 (Ct.App.1981).

2. Under Section 52–1–49(B) the employer may be liable for injuries caused by a third person's negligence. That this liability is to pay compensation for that negligence is not an anomaly. Section 52–

1–19; *Galles Chevrolet Co. v. Chaney,* 92 N.M. 618, 593 P.2d 59 (1979).

■ The plain meaning of the compensation statute is that the Act is an exclusive remedy unless otherwise provided in the Act. Section 52–1–49(B) does not provide an exemption which authorizes common law damages. We cannot create one; we must apply the Act. *See Kent Nowlin Construction Co. v. Gutierrez,* 99 N.M. 389, 658 P.2d 1116 (1982).

### (b) General law outside New Mexico.

Annot., 127 A.L.R. 1108, 1110 (1940) states:

> Under the compensation acts in most cases it has been held that aside from negligence in the selection of physicians, where an injured employee is entitled to compensation under the compensation act for injuries due to medical or surgical treatment occasioned by an injury sustained in his employment he cannot maintain an action for damages against his employer, or the latter's insurer, for the injury due to such treatment, and it was so held in the following cases [cited in the Annotation].

(Citations omitted.) *Cf.* Annot., 16 A.L. R.3d 564, 568 (1967).

Annot., 28 A.L.R.3d 1066, 1071 (1969) states:

> It is generally held, without regard to the question of negligence in the selection of physicians, that an injured employee may recover under the workmen's compensation act for a new injury, or an aggravation of his original injury, resulting from medical or surgical treatment of a compensable injury, if there is no intervening cause to break the chain of causation between the new injury or aggravation and the original injury.

(Footnote omitted.) 2A A. Larson, *The Law of Workmen's Compensation* Section 72.61(c) (1983) refers to the "virtually universal rule * * * that the employer is liable in compensation for aggravation of a compensable injury by a physician's negligence * * *."

■ Although the issue being discussed has not been specifically decided in New Mexico, our law is consistent. An employer is not relieved of a duty to pay compensation for a subsequent disability which is a natural and direct result of the initial accident. *See Linton v. Mauer-Neuer Meat Packers,* 71 N.M. 305, 378 P.2d 126 (1963); *Gonzales v. Stanke-Brown & Associates, Inc.,* 98 N.M. 379, 648 P.2d 1192 (Ct.App.1982).

### (c) Security Insurance Co. of Hartford v. Chapman.

■ Plaintiff does not seriously contend that other portions of the Compensation Act and the general law outside New Mexico support his position or that our discussion of those items is incorrect. He does disagree with our statement that the issue has not been specifically decided. He asserts that *Chapman* resolved the issue in his favor. Defendant points out that in *Chapman* there had been no election by the worker so that Section 52–1–49(B) did not apply and, thus, any discussion in *Chapman* of the issue in this case is dicta. We agree that the *Chapman* discussion is dicta; nevertheless, we are not free to disregard that dicta. *See Alexander v. Delgado,* 84 N.M. 717, 507 P.2d 778 (1973).

Plaintiff directs us to the following language in *Chapman* which, referring to what is now Section 52–1–49(B), states: "The entire cause of action of the injured workman is assigned to the employer and the injured workman may look to the employer for damages for his injuries, and not for benefits under the Workmen's Compensation Act." 88 N.M. at 297, 540 P.2d 222. The meaning or, more precisely, the intent of the supreme court in making the above-quoted statement is not at all clear. As plaintiff commendably points out, *Chapman* also states: "[I]n those states where there are election provisions the employer or his insurer has no subrogation rights unless the employee has made the appropriate election to receive workmen's compensation benefits from the employer for the additional malpractice." 88 N.M. at 298, 540 P.2d 222.

A permissible reading of the two quotations is that where there has been an election (as in this case, but not in *Chapman*) to hold the employer liable for injuries due to a physician's malpractice, the worker has elected to receive "compensation benefits from the employer for the additional malpractice." Such a reading is consistent with other provisions of our compensation statute and is consistent with the general law outside New Mexico. We so understand *Chapman*. If *Chapman* had intended to incorporate common law damages into our compensation law contrary to the consistent interpretation of the exclusivity provisions of the Compensation Act, we believe explicit language would have been used.

Although plaintiff's complaint was entitled a complaint for medical malpractice, it stated a claim for compensation benefits against the employer on the basis of the physicians' alleged malpractice. Inasmuch as compensation benefits were being paid, the complaint was properly dismissed as premature.

The summary judgment is affirmed. No costs are awarded against plaintiff. Section 52–1–39(B).

IT IS SO ORDERED.

NEAL and BIVINS, JJ., concur.