798 P.2d 210

**Larry MAESTAS, Plaintiff–Appellee,**

**v.**

**EL PASO NATURAL GAS COMPANY, Defendant–Appellant.**

**No. 12096.**

Court of Appeals of New Mexico.

Aug. 14, 1990.

Certiorari Denied Sept. 26, 1990.

James A. Mungle, P.A., Albuquerque, for plaintiff-appellee.

Carl J. Butkus, R. Galen Reimer, Civerolo, Hansen & Wolf, P.A., Albuquerque, for defendant-appellant El Paso Natural Gas Co.

## OPINION

DONNELLY, Judge.

Plaintiff sued his employer, El Paso Natural Gas Co. (employer), in common law tort for personal and related injuries and damages resulting from an accidental injury in the course and scope of plaintiff's employment. Employer filed a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to SCRA 1986, 1–012(B)(6). The trial court granted employer's motion, except as to those counts in which plaintiff alleged injuries "due solely to psychological or emotional conditions, including mental stress," as used in NMSA 1978, Section 52–1–24 (Cum.Supp.1986) of the interim Workmen's Compensation Act, NMSA 1978, 52–1–1 to –68 (Orig.Pamp. & Cum.Supp.1986) (Interim Act). Although employer appealed only from those portions of the order denying dismissal as to the counts alleging or purporting to allege psychological or emotional injuries, we directed the parties to also brief the issue of whether the trial court erred in dismissing the remaining counts.

In this appeal we are required to address the following issues: (1) whether the Interim Act applies to plaintiff's case, therefore precluding any common law tort suit against employer pursuant to the exclusivity rule; and (2) if the injuries are covered by the Interim Act, may plaintiff nevertheless proceed at common law for purely mental injuries that are excluded under the Act? We conclude the Act applies to plaintiff's accidental injuries, that it is the exclusive remedy for those injuries, and that plaintiff's common law claim, including his claim for mental injuries, is barred.

Plaintiff was injured in an explosion on September 1, 1986, while working for employer as a welder. Plaintiff filed a tort action for damages against employer, alleging that employer had directed that a highly explosive mixture be combined in the pipe in which plaintiff was working when the explosion occurred, and that employer's conduct was grossly negligent, intentional, willful, and wanton. Plaintiff requested damages for both physical and mental injuries suffered as a result of employer's actions.

In Count I of his complaint, plaintiff, after alleging the intentional, willful, and

wanton conduct of employer in having directed that a highly explosive mixture be combined in the pipe on which plaintiff was welding, sought damages for physical, emotional, and psychological injuries and for punitive damages proximately resulting from employer's negligence in conduct. Count II incorporated the allegations of Count I, but alleged that "[o]ne of the components of Plaintiff's injuries * * * was a purely mental injury, produced by extreme fright, without any physical manifestation." Under that count, he sought damages for all benefits not covered by the Workers' Compensation Act. Count III also incorporated the allegations of Counts I and II and alleged what appears to be a claim for intentional infliction of emotional distress. Plaintiff's Count IV relates to John Doe defendants and is not critical to our discussion.

Plaintiff's injuries occurred on September 1, 1986, and are covered by the Interim Act. The parties do not dispute that plaintiff was injured during the course of his employment with employer, nor do they dispute that the Interim Act applies to plaintiff's other work-related disabilities.

## APPLICATION OF WORKMEN'S COMPENSATION ACT TO PLAINTIFF'S INJURIES

Initially we note that employer incorporated into its brief-in-chief the arguments contained in its application for interlocutory appeal. In *State v. Aragon*, 109 N.M. 632, 788 P.2d 932 (Ct.App.1990), we disapproved this practice. *See* SCRA 1986, 12–213. Nonetheless, there is sufficient argument included in the briefs to allow this court to review the arguments without resort to the incorporated pleading.

A motion to dismiss for failure to state a claim for relief tests the legal sufficiency of the claim, not the facts that support it. *Trujillo v. Berry*, 106 N.M. 86, 738 P.2d 1331 (Ct.App.1987). In *Trujillo* we stated, "In considering a motion to dismiss under Rule 1–012(B)(6), the well-pleaded facts alleged in the complaint are taken as true. The motion is properly granted only if the plaintiff cannot recover under any provable state of facts." *Id.* at 87, 738 P.2d at 1332 (citation omitted).

Our supreme court has previously recognized that workers' compensation is the sole and exclusive remedy against an employer for work-related injuries. *Williams v. Amax Chem. Corp.*, 104 N.M. 293, 720 P.2d 1234 (1986). *See also Fields v. D & R Tank & Equip. Co.*, 103 N.M. 141, 703 P.2d 918 (Ct.App.1985); *see* § 52–1–9. Plaintiff in the present case asserts two arguments to support his contention that the Interim Act is inapplicable to his injuries. First, plaintiff, relying on *Montano v. Williams*, 89 N.M. 86, 547 P.2d 569 (Ct.App.1976), argues that the granting of a motion to dismiss pursuant to Rule 1–012(B)(6) was not proper because employer failed to file an answer raising the exclusivity of the Interim Act or substantial compliance with such Act as affirmative defenses. Our review of the record indicates, however, that plaintiff failed to assert this argument in the district court. Where the record fails to indicate that an argument involving a non-jurisdictional claim has been presented to the court below, it will not be considered on appeal. SCRA 1986, 12–216; *Woolwine v. Furr's, Inc.*, 106 N.M. 492, 745 P.2d 717 (Ct.App. 1987); *State ex rel. Bardacke v. Welsh*, 102 N.M. 592, 698 P.2d 462 (Ct.App.1985). Thus, this aspect of plaintiff's argument has not been preserved for appellate review. R. 12–216.

Plaintiff argues, secondly, that Counts I and III of his complaint fall outside the Interim Act because they allege intentional tortious acts by the employer. Plaintiff contends that common law claims against the employer are limited in New Mexico to injuries deliberately inflicted, citing *Sanford v. Presto Manufacturing Co.*, 92 N.M. 746, 594 P.2d 1202 (Ct.App.1979). While plaintiff is correct that *Sanford* supports this general proposition, we disagree that injuries as alleged in plaintiff's complaint fall within the ambit of an employer's intentional act.

In *Sanford*, plaintiff sued her employer for injuries she sustained as a result of

toxic fumes emitted from an oven used at the business. Plaintiff alleged that defendant knew the oven caused toxic fumes, that it nevertheless continued to authorize use of the oven, and that such intentional use amounted to a battery. This court noted the distinction between deliberate or intentionally ordered acts and intentional injuries, and held that injuries resulting from hazardous working conditions are accidental injuries and therefore fall within the scope of the Workmen's Compensation Act. An employer must intend to injure an employee before he can be held liable outside the Act. *Gallegos v. Chastain*, 95 N.M. 551, 624 P.2d 60 (Ct.App.1981).

In the present case, the matters pled in plaintiff's complaint do not support a claim for an intentional tort. The facts of the complaint state that employer knew the work situation was dangerous. Even though employer may have known the situation was dangerous, reading plaintiff's complaint in its entirety, we determine that the trial court correctly concluded that the Interim Act was applicable to plaintiff's injuries. We affirm the trial court's order dismissing Counts I and III of plaintiff's complaint.

■ Plaintiff additionally argues that he is entitled to seek common law relief under Count II of his complaint for purely mental injuries because these injuries are not covered by the Interim Act. Section 52–1–24(A) of the Interim Act defines "permanent total disability" as "permanent physical impairment" arising out of a work-related accident whereby a worker is wholly unable to earn a comparable wage or salary. However, physical impairment does not include "impairment of function due solely to psychological or emotional conditions, including mental stress." *Id.* Since physical impairment is a necessary prerequisite for both permanent total disability and permanent partial disability, *see* § 52–1–24, plaintiff argues he is without remedy under the Interim Act for purely mental injury, and therefore free to pursue a remedy under common law.

Based on our review of the pleadings, it is clear plaintiff's alleged psychic injuries were caused or directly related to his physical injuries and therefore do not fall within a valid exception. In Count II, plaintiff stated, "One of the components of Plaintiff's injuries *as a result of the aforementioned accident* was a purely mental injury, produced by extreme fright, without any physical manifestation." (Emphasis added.) This is not the same type of situation as those addressed in *Candelaria v. General Electric Co.*, 105 N.M. 167, 730 P.2d 470 (Ct.App.1986) or *Jensen v. New Mexico State Police*, 109 N.M. 626, 788 P.2d 382 (Ct.App.1990), wherein the claimant's psychic injury was not caused by or related to a physical injury. Plaintiff's alleged psychic injuries are not excluded from the definition of permanent total or permanent partial disability, and he may be compensated under the Interim Act for these injuries. Plaintiff is therefore limited to that compensation available under the Interim Act. *See Mountain States Tel. & Tel. Co. v. Montoya*, 91 N.M. 788, 581 P.2d 1283 (1978).

We find plaintiff's reliance on *Williams v. Hillsborough County School Board*, 389 So.2d 1218 (Fla.Dist.Ct.App.1980) unpersuasive. In that case, plaintiff suffered mental injuries as a result of emotional causes, without physical trauma. The court found that emotional injury without physical trauma was not compensable under the Florida Workers' Compensation Act, and that plaintiff was therefore free to pursue common law remedies for her injury. This case is distinguishable because, as previously noted, the pleadings indicate that any emotional injury suffered by plaintiff was due to the physical injury resulting from his work-related accident. As noted in 2A A. Larson, *The Law of Workmen's Compensation* § 65.51(e) (1989), if a covered physical injury is accompanied by some psychic damage, a tort action for the psychic damage is barred, although the compensation benefits contain no allowance for such damage.

■ In *Candelaria*, this court held that purely mental injuries resulting from work-related accidents were compensable under the original enactment of the Workmen's Compensation Act. The court reasoned that Section 52–1–28 did not exclude psychological injury arising out of employ-

ment. In the legislative session following the filing of this opinion, the legislature enacted the Interim Act. It did not, however, amend Section 52–1–28 to exclude psychological injuries. Instead, the legislature amended those sections pertinent to determining the amount of compensation. *See* §§ 52–1–24, –25. We conclude the legislature intended to include psychological injuries arising out of work-related accidents within the coverage of the Act, as determined by Section 52–1–28, but to exclude compensation for purely mental injuries. *See* NMSA 1978, § 52–1–24(B) (Repl. Pamp.1987), where legislature reinstituted psychological injuries.

In *Doe v. South Carolina State Hospital,* 285 S.C. 183, 328 S.E.2d 652 (Ct.App. 1985), the court considered a case analogous to the instant action. There, the plaintiff, while on duty as the nursing supervisor at a mental hospital, was assaulted and raped by a mental patient. *Id.* at 186, 328 S.E.2d at 654. She suffered both physical and mental injuries. *Id.* Plaintiff filed a common law action for damages against her employer. The trial court held that the Workers' Compensation Act was plaintiff's sole and exclusive remedy and granted summary judgment. On appeal, the trial court's ruling was affirmed. The appellate court determined that whenever physical injury from a work-related accident is accompanied by mental injury arising out of the same accident, the worker's sole remedy is workers' compensation, whether or not the particular injury may be compensated by a monetary award under the Act. *Id.* at 190, 328 S.E.2d at 656. We think the rationale reached by the court in *Doe* is instructive as to the instant case.

Other jurisdictions have reached the same result in similar cases. *See Crews v. Memorex Corp.,* 588 F.Supp. 27 (D.Mass. 1984) (exclusivity provision of workmen's compensation statute barred separate tort action for intentional infliction of emotional distress where work-related mental injury was compensable under act); *Tredway v. District of Columbia,* 403 A.2d 732 (D.C. App.) (exclusivity provision of Federal Employee's Compensation Act barred teacher's separate tort claim where underlying injury resulting from assault, robbery, and

rape was covered by Act), *cert. denied,* 444 U.S. 867, 100 S.Ct. 141, 62 L.Ed.2d 92 (1979); *Genson v. Bofors–Lakeway, Inc.,* 122 Mich.App. 470, 332 N.W.2d 507 (1983) (exclusive remedy provision of Workers' Disability Compensation Act barred tort action for mental injuries derived from alleged bladder cancer sustained through exposure to large quantities of chemicals during the course of employment); *McKinley v. Holiday Inn,* 115 Mich.App. 160, 320 N.W.2d 329 (1982) (workers' compensation act constitutes exclusive remedy for alleged mental injuries suffered when hotel maid assaulted and raped by hotel guest); *Thompson v. Maimonides Medical Center,* 86 A.D.2d 867, 447 N.Y.S.2d 308 (1982) (when injury sustained by worker is compensable in part under workers' compensation, all common law remedies held abrogated); *Witty v. American Gen. Capital Distribs., Inc.,* 727 S.W.2d 503 (Tex.1987) (workers' compensation act barred common law claim for mental anguish suffered as result of loss of fetus due to injuries sustained in work-related accident). *See generally* Larson, *supra,* § 65.51(e), at 12–58 to –59 ("If covered physical injury is accompanied by some psychic damage, a tort action for the psychic damage is barred, although the compensation benefits contain no allowance for such damage.").

Since it is clear that plaintiff in the present case alleges that he suffered a physical and psychological injury arising out of a work-related accident, his separate tort action against employer for mental injuries is precluded under the exclusivity provisions of the Interim Act.

We affirm the trial court's dismissal of Count I of plaintiff's complaint. We reverse the portion of the district court's order allowing Counts II and III to stand and remand with directions to dismiss plaintiff's complaint with prejudice.

IT IS SO ORDERED.

BIVINS, C.J., and APODACA, J., concur.